**In re the MARRIAGE OF Rex BALLINGER and Barbara A. Ballinger.**

**Upon the Petition of Barbara A. BALLINGER, Appellee,**

**And Concerning,**

**Rex BALLINGER, Appellant.**

**No. 2–56758.**

Supreme Court of Iowa.

Oct. 16, 1974.

Roland K. Landsness of Jones, Cambridge, Carl, Feilmeyer & Landsness, Atlantic, for appellant.

Louis, Moore & Kohorst, Harlan, and Harold G. DeKay, Atlantic, for appellee.

R. G. Howard, Atlantic, for children.

Heard by MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

MOORE, Chief Justice.

Respondent Rex Ballinger (Rex) appeals from provisions of dissolution of marriage decree granting petitioner, Barbara A. Ballinger (Barbara) custody of their three minor children and the property division.

I. Rex and Barbara were married September 16, 1961 and lived together as husband and wife until about April 14, 1972. They are the parents of three sons: Brian Walter, born April 16, 1962; Robert Ray, born August 17, 1963 and Michael John, born January 31, 1966. The children lived in the family home with both parents until Barbara filed the dissolution petition on April 14, 1972. On that date Rex left the home. Some weeks later he returned and took the three boys to the nearby farm home of his parents. This was done over Barbara's protest.

By the pleadings and at trial both parties admitted there had been a breakdown of their marriage. On that issue as well as property division and alimony the guilty party concept must be eliminated in dissolution of marriage actions brought under the provisions of chapter 598 of the Code. In re Marriage of Boyd, Iowa, 200 N.W.2d 845, 853; In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345.

It is well settled, however, that conduct of the parties, good or bad, is admissible in evidence as it bears on and reflects the character and fitness of the respective parties for the custody of children. In re Marriage of Dawson, Iowa, 214 N.W.2d 131, 132; In re Marriage of Bare, Iowa, 203 N.W.2d 551, 554. Moral misconduct by a parent is one factor affecting the parent's fitness to have custody. In re Marriage of Bowen, Iowa, 219 N.W.2d 683, 688. We therefore summarize the evidence as it relates to the issue of child custody.

Barbara testified she had been the homemaker and cared for the three boys at all times until Rex removed them from the home. She sewed most of their clothes, cooked, cleaned and washed. At times Rex helped and once in a while put the children to bed. He had been involved with YMCA and other activities in which the children participated. She also, to a lesser amount, had taken part in those activities.

Barbara testified Rex frequently went out drinking and would not come home until as late as 2:00 or 3:00 a. m. Once home, arguments usually arose and on several occasions Rex struck her; once while the babysitter and children were present. On one occasion, Rex held Barbara on the bed, choked her, threatened to kill her and stopped only when the oldest child threatened to call the police. On another occasion Rex struck the youngest child in an attempt to hit Barbara, and once when Rex came home he struck Barbara as she was putting the youngest child to bed. After the petition for dissolution was filed Rex again struck her. This incident prompted Barbara to file an assault and battery charge. About two years before the separation he told the three boys there was not one of them that belonged to him.

Barbara further testified Rex was extremely jealous and frequently accused her of having sexual intercourse with Tom Arn, a family friend and drinking partner of Rex. He made like accusations from a list of other men which he had prepared. Barbara specifically denied ever having sexual intercourse with anyone other than Rex since their marriage. Rex offered no evidence of any other such intercourse.

Rex testified the marriage relationship began to suffer in 1969 after he had been hospitalized for a head injury. He stated that when he returned from the hospital he noticed several contraceptives were missing and that thereafter on several occasions he woke up and found Barbara had left the house. He further testified Barbara and Tom Arn spoke on the phone "constantly" and that on one occasion they left the house together and when Barbara returned many hours later she had alcohol on her breath and her clothes were torn and rumpled. In response Barbara admitted Arn was a close friend and that occasionally she saw Arn

late at night after having been "chased out" of the house. She denied ever leaving the children in the house unattended as claimed by Rex.

It is undisputed in the record that at trial time the three boys were normal, healthy and active.

The trial court granted Barbara custody of the three minor children with rights of visitation to Rex at such times and places as are reasonable. On appeal Rex asserts the trial court erred in not granting him custody and the trial court erroneously applied an inference in favor of the mother, Barbara.

■ II. In child custody cases the first and governing consideration of the courts must be the best interest of the child. Rule 344(f)(15), Rules of Civil Procedure; In re Marriage of Dawson, Iowa, 214 N.W.2d 131, 132. We do not make a determination of custody to reward one of the parents or punish the other. In re Marriage of Bare, Iowa, 203 N.W.2d 551, 554. Each case must be decided on its own facts. In re Marriage of Jennerjohn, Iowa, 203 N.W.2d 237, 240.

■ In an equity case, such as this, our review is de novo. Rule 334, R.C.P. It is our duty to examine the whole record and adjudicate rights anew on issues properly presented. We give weight to the findings of the trial court but will not abdicate our function as trier de novo on appeal. In re Marriage of Novak, Iowa, 220 N.W.2d 592, 597.

Rex contends the trial court, in reaching its decision to place the children in the custody of Barbara, applied an inference in favor of the mother. He is wrong in two respects in seeking to have us reverse the trial court's order on the above ground. First the record does not support his contention the trial court applied such an inference and second because we have abandoned the previous existing weak inference in favor of the mother. The theory of such an inference is put to rest in our recent opinion in In re Marriage of Bowen, Iowa,

219 N.W.2d 683. We apply no such inference in our de novo review of this case.

■ Our determination of the troublesome question of child custody here presented is limited to either the mother or father. Our de novo review of the entire record brings us to the same conclusion as that reached by the trial court. We find Barbara can more effectively administer to the long-range best interests of the children, reserving of course reasonable visitation to Rex.

III. Rex was ordered to pay $50 per week child support. The trial court awarded Barbara the family home in Atlantic where the parties had lived for several years. Its value was estimated at $10,000. Approximately $4700 was owed on it. Rex was ordered to pay all obligations owed by the parties. This included paying the $75 per month house payments. Rex was granted all right, title and interest in Hawkeye Sanitation Company which he operated. This included equipment valued at $4500 after debts. The trial court's estimate of $10,000 good will value seems reasonable. Gross receipts from the business in 1971 were over $19,000, in 1972 over $18,000. Net profits were over $6600 in 1971 and over $8300 in 1972.

Further factual recital of property distribution would be of no precedential value. The trial court properly applied the guidelines set out in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405 as modified by our holding in In re Marriage of Williams, Iowa, 199 N.W.2d 339. We conclude the property division was equitable.

We hold the decree should be affirmed.

■ IV. Counsel for Barbara filed an application for additional attorney fees in the matter of this appeal. Without fixing the value of such services we find Rex should be and he is ordered to pay an additional $500 to apply thereon.

The judgment and decree of the lower court is affirmed.

Affirmed.