In re the MARRIAGE OF Betty Marie
PETERSON and Roger Dean
Peterson, Sr.

Upon the Petition of Betty Marie PETER-
SON, Appellant, and concerning Roger
Dean PETERSON, Sr., Appellee.

No. 2–47115.

Supreme Court of Iowa.

March 19, 1975.

Daniel J. Spellman, Perry, for appellant.

Maurer & Jones, Ames, for appellee.

Heard by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Petitioner-wife appeals from child custody, support, property division and attorney fee allowance provisions of the trial court decree in this dissolution of marriage action. We modify, affirm and remand for entry of supplemental decree.

Petitioner Betty Marie Peterson (Betty) and respondent Roger Dean Peterson, Sr. (Roger) were married August 11, 1956 and lived together as husband and wife until this action for dissolution was filed June 4, 1973. Four children were born of the marriage: Roger Dean, Jr., born March 25, 1957; Deborah Lynn, born February 8, 1959; David Eugene, born November 2, 1960; and Laurie Annette, born May 29, 1962. They lived in the family home with both parents until this action was filed. Both parents had shown them love, proper care and training and a good family relationship until a few months before the dissolution action. At trial time the children were shown to be healthy, normal and well adjusted.

The trial court's January 30, 1974 decree granted dissolution of the marriage and placed the children in the custody of Roger. Betty was given reasonable visitation rights. The court ordered their Madrid, Iowa, three-bedroom, ranch-type family home, household goods and furnishings and other personal property be given to Roger, subject to encumbrances. Betty's property interest in the real and personal property was recognized by the court in that Roger was ordered to pay her $13,000. $1000 was to be paid within 35 days after the decree and the balance in $200 monthly installments without interest unless payments become overdue.

Betty was not granted alimony. She was ordered to pay as support for the children $50 per month until the youngest child reaches majority. The decree allowed Roger to deduct the $50 from his $200 monthly payment to Betty until his payments were completed. Thereafter Betty's child support payments were to be made through the district court clerk's office. Roger was ordered to pay a total of $650 to Betty's trial attorney.

The questions presented on this appeal are: (1) did the trial court err in placing the four minor children in their father's custody? (2) should Roger be required to pay alimony? (3) should Betty be required to pay child support? (4) was the property division equitable? (5) was the amount of attorney fees awarded Betty's trial attorney adequate? and (6) should Roger be required to pay fees for Betty's counsel for services rendered on this appeal?

█ I. Our review in this equity case is de novo. Rule 334, Rules of Civil Procedure. It is this court's duty to examine the whole record and adjudicate rights anew on issues properly presented. Weight should be given to the findings of the trial court without abdicating our function as trier de novo on appeal. In re Marriage of Moorhead, Iowa, 224 N.W.2d 242, 244; In re Marriage of Novak, Iowa, 220 N.W.2d 592, 597.

II. We first consider the troublesome problem of custody of the four minor children. As in all custody cases the problem here presented must be determined on its own facts. In re Marriage of Moorhead, supra; In re Marriage of Jennerjohn, Iowa, 203 N.W.2d 237, 240.

█ To the extent conduct of the parties, good or bad, bears upon and reflects the character and fitness of the respective parties for custody of the children, it is admissible and is properly considered on the issue of child custody. In re Marriage of Ballinger, Iowa, 222 N.W.2d 738, 739; In re Marriage of Bare, Iowa, 203 N.W.2d 551, 554. Other relevant factors have recently been summarized in In re Marriage of Winter, Iowa, 223 N.W.2d 165, 166, 167 and must be assessed in an attempt to reach the ultimate goal in all child custody decisions—to determine under the whole record which parent can better serve the long-range best interests of the children. See also, In re Marriage of Bowen, Iowa, 219 N.W.2d 683 where at page 688 we say:

"We do not think either parent should have a greater burden than the other in attempting to obtain custody in a dissolution proceedings. It is neither necessary nor useful to infer in advance that the best interests of young children will be better served if their custody is awarded to their mothers instead of their fathers. * * * *"

The record demonstrates Betty, age 35 at trial time, had adequately carried out her role as homemaker and mother in her many years of marriage to Roger. However, starting a few months before filing the dissolution action and during pendency thereof she became unstable in that she drank to excess, left the children alone and kept company with other men. One man was frequently in the parties' home late at night. By her words and actions Betty clearly showed her feeling the children were old enough to care for themselves and she intended to leave Roger and the children to enjoy a new way of life. Roger's misconduct and shortcomings were minor compared with those of Betty. He had throughout the years attempted to serve the welfare of the children. He was age 36 at trial time, healthy and had been steadily employed at John Deere for 17½ years. He had arranged for a sitter in the home during his working hours if granted custody of the children.

█ We have studied the arguments, appendix and the full transcript of the trial below. No useful purpose would be served in setting out each charge and countercharge bearing on the question of custody of the four children. Our de novo review

brings us to the conclusion the trial court's order for custody to Roger will best serve the long-range best interests of the children.

III. The guilty party concept must be eliminated and evidence of "fault" must be rejected when considering the issues of breakdown of marriage, property division and support under Code chapter 598, marriage dissolution proceedings. In re Marriage of Ballinger, Iowa, 222 N.W.2d 738, 739; In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345.

Code section 598.21 provides:

"When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified."

Although allocations of support money, alimony and property have a different purpose, they are closely related in determination of the amounts to be awarded. In re Marriage of Winter, Iowa, 223 N.W.2d 165, 169. Each issue necessarily must be decided after an examination of the entire record.

In evaluating the child support award we use the criteria explained in In re Marriage of Zoellner, Iowa, 219 N.W.2d 517, 525. In considering the alimony and property division issues we use the criteria explained in Schantz v. Schantz, Iowa, 163 N.W.2d 398, 405, excluding consideration of reward or punishment on the basis of fault. In re Marriage of Williams, Iowa, 199 N.W.2d 339, 345; In re Marriage of Winter, Iowa, 223 N.W.2d 165, 169.

The record indicates both parties were industrious and managed their finances responsibly. At marriage they had few assets. Their major property holding, which they obtained by their joint efforts, was the family home, valued at $37,500 by the trial court. This valuation is well within the permissible range of the evidence. The mortgage balance was $20,234, leaving an equitable value of $17,266. The trial court awarded Betty one half the equity in the home, $8633.

As her share in the household goods and furnishings, the motor vehicles, insurance policies and other items of personal property, trial court granted Betty $4367. The $13,000 total was ordered paid by Roger as stated above. Roger was also ordered to pay a $3512.95 credit union obligation payable $32 per week.

At trial Betty had regular employment with the Iowa Highway Commission at Ames. Her gross monthly income was $418. Her net was $276. Roger's 1973 gross income was $16,418.78. His net was approximately $13,408. Additional facts need not be detailed.

With the applicable principles in mind we find the lower court's order denying alimony and making the property division is justified under the entire record.

We find and hold Betty should not be required to pay child support as ordered by the trial court.

IV. We now reach the issue involving allowance of attorney fees in the trial court and for Betty's counsel on this appeal.

The trial court allowed attorney fees totaling $650 for Betty's attorney. She seeks an increase. We are not inclined to disturb the trial court's award. See In re Marriage of Beeh, Iowa, 214 N.W.2d 170, 176.

Betty also seeks allowance of additional fees for this appeal. Attorney fees are not recoverable as a matter of right. In Geisinger v. Geisinger, Iowa, 202 N.W.2d 44, 47, we say:

"* * * However, a wife who has in good faith but unsuccessfully appealed may be awarded an attorney fee. Garrison v. Garrison, Iowa, 179 N.W.2d 466, 471, and citations. Any such allowance made depends upon the wife's financial needs and ability of the husband to satisfy them. Raabe v. Raabe, Iowa, 191 N.W.2d 551, 554 and citations."

Betty's counsel has submitted an itemized statement of services rendered and time spent on this appeal. Insofar as it reflects time and expense spent in setting out and arguing alleged facts occurring subsequent to trial and decree such claim must not be considered. Our de novo review is limited to matters of record in the trial court. Nichols v. Nichols, Iowa, 133 N.W.2d 77, 78; Rule 340(a), R.C.P.

We do not fix the amount to be charged by Betty's attorney, but simply decide what, if any portion should be paid by Roger. Briggs v. Briggs, Iowa, 225 N.W.2d 911, 915. We hold Roger should be ordered to pay $750 toward Betty's attorney fees incurred by this appeal. Any additional amount due must be paid by her. Costs on appeal are taxed equally to the parties.

Modified, affirmed and remanded for entry of supplemental decree.