In re the MARRIAGE OF Gene A. SPARKS and Patricia J. Sparks Upon the Petition of Gene A. Sparks, Petitioner-Appellee,

**and**

Patricia J. Sparks, Respondent-Appellant.

No. 3–67467.

Court of Appeals of Iowa.

May 25, 1982.

Donald G. Senneff of Shaff, Fairwell & Senneff, Clinton, for respondent-appellant.

David E. Schoenthaler of Schoenthaler, Schoenthaler, Roberg & Bartelt, Maquoketa, for petitioner-appellee.

PER CURIAM.

Respondent wife appeals from the decree dissolving the parties' marriage asserting: (1) that the petitioner husband should not have been awarded custody of the parties' two children; (2) that she should not have been required to pay support and medical expenses for the children; (3) that she should have been awarded alimony; and (4) that the trial court's property division was inequitable. Respondent also requests payment for attorney fees and costs on appeal. We affirm in part, reverse in part, and modify in part.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. Our responsibility is to review the facts as well as the law to determine rights anew from the credible evidence on properly presented and preserved issues. *In re Marriage of Full*, 255 N.W.2d 153, 156 (Iowa 1977). While we give weight to the findings of the trial court, especially where credibility of witnesses is involved, we are not bound by them. *In re Marriage of Novak*, 220 N.W.2d 592, 597 (Iowa 1974); Iowa R.App.P. 14(f)(7). As in all cases of this type, precedent is of little value and our decision must ultimately depend upon the particular facts of this case. *In re Mar-*

*riage of Kehrli*, 241 N.W.2d 923, 926 (Iowa 1976).

## I.

Petitioner Gene A. Sparks and respondent Patricia J. Sparks were married in 1969, when both parties were working in a factory. Gene began farming full-time in 1974, when the parties bought their 96-acre homestead farm. Gene has not been a successful farmer and has accumulated substantial debts. Patricia quit her factory job in 1977 and was unemployed at the time of the trial. She had some emotional problems shortly before the dissolution petition was filed, and she committed herself to a psychiatric hospital for about a week.

The parties have two children: Dale, born in 1969, and Dean, born in 1977. Gene also has two sons from a previous marriage. His former wife has custody and he pays $120 per week support.

The trial court awarded custody of the parties' two children to Gene, stating that Patricia "has difficulty coping with the children and everyday stress." Patricia was directed to pay $60 per week support and also to provide medical and hospitalization insurance for the children. Any health care expenses which exceeded $100 annually and were not covered by the insurance were to be divided equally between the parties.

The trial court awarded Patricia a 1977 Ford valued at $2,000. Gene received all the remaining property, with a net value of $296,600, but he was directed to pay the parties' debts of about $311,000. Gene was also directed to pay Patricia $60,000 over a period of ten years. The trial court set aside to Gene a 205-acre farm and some farm machinery he had inherited from his parents in 1976. The net value of the farm and machinery at the time of the trial was about $200,000. The trial court refused to award Patricia the increase in the value of the farm during the marriage, based on its conclusion that under section 598.21(2), The Code, inherited property is to be set aside *in kind* to the inheriting party unless it would be inequitable to do so.

The trial court also refused to award Patricia alimony, based on its conclusion that she was "fully capable of being employed," and "in all likelihood will be employed shortly after this decree."

## II.

Respondent asserts that custody of the parties' minor children should have been awarded to her. We disagree.

Our first and governing consideration in determining custody is the best interests of the child involved. Iowa R.App.P. 14(f)(15). In deciding the custody issue, we seek neither to punish one parent nor reward the other. *In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973). There is no inference favoring one parent as opposed to the other in deciding which is the more fit custodian except that arising from the particular facts of the case. *In re Marriage of Bowen*, 219 N.W.2d 683 at 688. Factors relevant to the custody determination are listed in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974), with the ultimate question being, based on the entire record, which of the parents can minister more effectively to the long-range best interests of the children. *Id.*; Iowa R.App.P. 14(f)(15).

Our de novo review indicates that the trial court was correct in awarding custody to the petitioner. Petitioner is fully able to properly care for the parties' children and is the parent who can minister more effectively to the long-range best interests of the children. His custody will allow Dale and Dean to continue their close relationship with petitioner's two sons from a prior marriage.

## III.

Respondent asserts the trial court's division of property was not equitable. We agree.

The major assets of the parties consist of two farms, one purchased by the parties during the marriage and one inherited by the petitioner. The trial court lumped the parties' marital assets and their inherited

assets together and then subtracted the debts and operating losses of both to arrive at a net asset figure. Then the trial court subtracted the value of the inherited property from the net asset figure to arrive at a net marital asset figure.

█ In *In re Marriage of Thomas*, 319 N.W.2d 209, at 211 (1982), the court listed five factors bearing on whether inherited property should be divided under section 598.21(2). We find that under the *Thomas* factors, the above procedure by the trial court unfairly reduces the marital assets. Therefore, we start the valuation process by setting aside the inherited property first. Then expenses and indebtedness from the two farms must be divided.

The record indicates the following expenses and indebtedness were incurred in relation to the marital property (the 96-acre Spragueville farm):

| | |
|---|---|
| $ 9,142.79 | to Pat's mother to pay loan used for downpayment on Spragueville farm |
| 6,576.00 | farm improvements |
| 7,126.00 | farm payment |
| 12,682.50 | balance on farm contract |
| $35,527.29 | |

The following expenses were incurred with respect to the inherited property (the 205-acre Charlotte farm):

| | |
|---|---|
| $33,443.00 | to pay balance on Gene's father's loan to John Hancock |
| 13,783.00 | farm improvements |
| 37,187.00 | federal estate tax from Gene's father's estate |
| $84,413.00 | |

In addition, there were operating expenses of $21,418, additional indebtedness to John Hancock of $88,643, and the present PCA debt of $79,521.98 which, according to the record, were not specifically allocated between the two farms. Since the marital farm is 96 acres and the inherited farm is 205 acres, an approximate ⅓–⅔ allocation is reasonable. The total "mixed" indebtedness was $189,582.98. Therefore, the marital farm should be charged with $60,465.00 of the total, while the inherited farm should be charged with the remaining $129,117.98. Thus, total debts and expenses incurred in connection with the inherited property

equals $213,530.98 ($84,413 + $129,117.98) and should be charged against the value of such property. The marital property, with a gross value of $307,815.20, should be off-set only by the debts and expenses incurred in connection therewith, or $95,992.29 ($35,-527.29 + $60,465.00), leaving a net value of $211,822.91. With this amount of property to be distributed, Pat's lump sum property award should be increased. We therefore order that Pat be awarded $85,000, payable in ten annual installments of $8500, with ten percent interest on the unpaid balance.

### IV.

█ Respondent asserts the trial court erred by refusing to award her alimony and requiring her to pay child support and medical expenses for the children. Although allocations for alimony, support, and property have different purposes, the court can properly consider how the property has been divided in assessing the needs and the resources of the parties in fixing alimony. *In re Marriage of Peterson*, 227 N.W.2d 139, 142 (Iowa 1975).

█ Although the wife has a good work history, she has not worked outside the home for four years. Her former employer has not recalled workers who have been laid off. Therefore, her prospects for immediate employment are poor. She has been removed from her home and her children and will need to start her life over. However, the husband's income is limited at this time. Therefore, the wife should be granted alimony of $1.00 per year.

We agree with respondent's assertion that she should not be required to pay either child support or medical expenses as she is not employed at this time. Therefore, we reverse the trial court's decision as to child support and medical expenses.

### V.

█ Finally, respondent has requested that petitioner pay attorney fees and the costs incurred in this appeal. Such an award depends upon the relative financial circumstances of the parties. *In re Mar-*

*riage of Burham,* 283 N.W.2d 269, 278 (Iowa 1979). Our examination of the parties' financial circumstances indicates that respondent's request should be denied. This case is remanded to the trial court to enter a decree in conformity with this opinion.

AFFIRMED IN PART, REVERSED IN PART, MODIFIED IN PART, AND REMANDED.

All Judges concur except DONIELSON, J., who dissents.

DONIELSON, Judge (dissenting).

I acknowledge that our review of this matter is de novo pursuant to Iowa R.App.P. 4. However, due to the complexity of this litigation I am convinced that the trial court carefully considered all the evidence in arriving at the provisions of its decree. The remedy fashioned by the majority would increase the debt already placed upon Gene Sparks of $311,217.48 to $396,217.48 by adding 10 annual installments of $8,500 with 10% interest on the unpaid balance. Such an increase to his already burdensome debts might cause a forfeiture of the Sparks family farm and hence deprive Dale and Dean, the Sparks children, of any future interest.

In this very difficult financial situation the majority has made little or no improvement in the overall disposition of this case. The factual situation here is strikingly similar to *In re Marriage of Callenius,* 309 N.W.2d 510 (Iowa 1981), in which this court had fashioned a second guess remedy which also failed to improve the trial court's disposition in any significant manner. Therefore, I would simply affirm the trial court's decree which I believe was equitable to both parties.