In re MARRIAGE OF Becky Ann BROGDEN & Daniel Conklin Brogden.

Upon the Petition of Becky Ann Brogden, Petitioner-Appellant,

And Concerning Daniel Conklin Brogden, Respondent-Appellee.

No. 83–03.

Court of Appeals of Iowa.

Nov. 30, 1983.

Ben T. Doran of Doran, Courter & Quinn, Ames, for petitioner-appellant.

Jerry L. Jones, Ames, for respondent-appellee.

Heard by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

HAYDEN, Judge.

Petitioner appeals from the trial court decree giving respondent custody of the parties' two minor children. We reverse and remand.

Petitioner, Becky Ann Brogden, and respondent, Daniel Brogden, were married in 1974. During the course of the marriage the parties had two children: Travis, born September 5, 1976; and Tracy, born August 7, 1979. Daniel was the primary breadwinner and Becky attended to most of the parenting responsibilities during the marriage.

Prior to the parties' separation, Daniel became romantically involved with Mrs. Cindy Vodenik. He moved in with Cindy and her two children during the separation. At trial Daniel and Cindy testified that they planned to be married when Daniel's dissolution was final. Becky admitted to having had intimate relationships with several men during her separation from Daniel. The children were present in the apartment on several such occasions.

The separation of these parties has not been amiable. Both have made unpleasant telephone calls to the other. Becky has been unwilling to make adjustments in Daniel's visitation privileges. She was also accused at trial of attempting to have a witness testify to facts which were untrue. Daniel admitted assaulting Becky on one occasion and was held in contempt for failure to pay child support. He took the car and left Becky with no vehicle for a week. Then he furnished her with a pickup truck which had part of the floor rusted out and a passenger door which would suddenly fly open. Daniel also attempted to get Avco Finance Company to foreclose on a lien on Becky's household goods and possessions. At trial there was a pending criminal charge against both Daniel and Cindy for the false use of a financial instrument in connection with the forgery of Becky's name on an Internal Revenue Service refund check. Daniel took the fifth amendment when asked questions concerning this incident at the dissolution hearing.

The trial court stated that the custody decision in this case was very difficult, but concluded that "Cindy Vodenik is the major reason why Daniel Brogden should receive custody of his children." The court was

impressed with the evidence of Cindy's parenting abilities and maturity.

Our review of this equitable proceeding is de novo. Iowa R.App.P. 4. While we are not bound by the findings of the trial court, we do give weight to them, especially where the credibility of witnesses is involved. Iowa R.App.P. 14(f)(7).

■ The overriding concern of a court in awarding custody is to determine what is the best interest of the children. Iowa R.App.P. 14(f)(15). The award of custody cannot be used to punish one parent or reward the other. *In re Marriage of Sparks*, 323 N.W.2d 264, 266 (Iowa Ct.App. 1982). The factors to be considered are listed in *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). Acts of misconduct are considered only as they affect the emotional and moral welfare of the children or the parent's ability to take care of the children. *In re Marriage of Kramer*, 297 N.W.2d 359, 362 (Iowa 1980).

During this marriage Becky was the parent primarily responsible for caring for the children. The two boys have remained with her during the separation, trial, and, pursuant to court order, during the pendency of this appeal. There was convincing evidence presented by numerous persons who are in regular contact with the children that they are happy, well-adjusted, and adequately clothed, fed, and groomed.

■ The trial court was greatly influenced by the parenting skills of Cindy Vodenik. Although the court correctly considered Cindy's impact on the children, we feel it gave this factor too much weight. Custody of these children will be awarded to either Daniel or Becky. Their abilities to care for the children must remain the primary question. Cindy Vodenik has no legal obligation to these children. There is no guarantee that she will have any influence upon them in the future. The court should have considered Daniel and Becky's relative abilities more closely rather than relying upon what Cindy may or may not be able to offer the children.

■ There are several reasons why we conclude that Daniel should not be awarded custody of his children. His failure to pay child support in April of 1982 until he was held in contempt, his attempts to have a lien on Becky's household possessions foreclosed while the children were living with her, and his indifference to whether Becky and the children have a safe method of transportation indicate an attitude toward the children which is not desirable.

We conclude that it is in the best interests of Travis and Tracy to remain with their mother subject to reasonable visitation rights of Daniel. This case is remanded to the trial court to specify Daniel's visitation rights and to determine the amount of child support which should be paid by Daniel.

Although Becky is employed on a full-time basis, her income is substantially lower than Daniel's. Therefore, we grant Becky's request for attorney fees on appeal and order Daniel to contribute $750 to her legal expenses.

REVERSED AND REMANDED.