In re the MARRIAGE OF Colette MAYFIELD and John Mayfield.

Upon the Petition of Colette Mayfield, Appellee,

And Concerning John Mayfield, Appellant.

No. 90–1278.

Court of Appeals of Iowa.

Sept. 24, 1991.

Thomas J. Pastrnak of Heninger & Heninger, P.C., Davenport, for appellant.

Carol A.H. Freeman and Maria Mihalakis Waterman of Lane & Waterman, Davenport, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Colette and John Mayfield were married in 1970. They have two children, daughters who were thirteen and ten years old at trial. The dissolution decree placed the two children in joint legal custody and in Colette's primary physical care. The custody provisions of the decree are not challenged on appeal.

John, forty-one years old at trial, is a dentist in private practice. His gross income generally exceeds $100,000 per year, and his net income is between $50,000 and $60,000 per year.

Colette, forty-five years old at trial, has a master's degree in counseling. However, she had relatively little employment experience during the marriage. She currently holds a college counseling job which pays $22,000 per year, but she expects that job

to terminate when a federal grant expires in August 1991. She expects to have to take a pay cut in order to find another job.

The district court directed John to pay child support of $900 per month while both children are eligible and $600 per month when only one child remains eligible. The court provided for automatic extensions of child support under Iowa Code section 598.-1(2) in the event either child attends college and otherwise remains eligible for support. The court also directed John to maintain life insurance on himself for so long as he is required to pay child support.

The district court directed John to pay Colette alimony of $600 per month until the death of either party or until Colette remarries or cohabits with another man.

The court awarded Colette the parties' residence, which the court valued at $92,-500. However, the home is subject to a mortgage debt of $74,000. The court awarded John his dental practice, which the parties agree has a value of $39,000. Colette was awarded investments of about $23,000, and John was awarded investments of $9,800. Each party was awarded a car, home furnishings, and personal effects. Finally, John was directed to pay Colette a cash property award of $13,865. This cash award was designed to equalize the division of net assets, after Colette's inheritances during the marriage had been set aside to her.

John has appealed from the dissolution decree. John first challenges his child support obligation. He argues the amount of his support obligation is excessive and is outside the parameters established by the child support guidelines. John also argues that the decree should not provide for an automatic extension of support in the event the children attend college. He asserts the question of college support is premature at this time. In addition, John argues the district court should not have required him to maintain life insurance to secure his child support obligation.

John also challenges the division of property. He asserts that Colette obtained certain property by gift and inheritance. At trial, Colette was able to trace these gifts and inheritances to property obtained during the marriage. The trial court set this property aside to Colette. John argues that this property, having been placed in joint tenancy or gifted to John, should have been included in the marital estate, thereby reducing the $13,865 cash award to Colette.

Finally, John challenges his alimony obligation. He argues the award of alimony should be reduced in amount and duration. Colette requests attorney's fees of $1,500 for this appeal.

I. *Scope of Review.* In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

II. *Child Support.*

A. Amount of support. John asserts that in setting his child support obligation, the trial court improperly used John's gross business profit rather than his net income. It is not clear what figure the trial court used to calculate John's "net income" as contemplated by the Child Support Guidelines. It is also unclear which set of guidelines the trial court employed. John asserts the court should have used the "old guidelines", established by the Iowa Supreme Court's Administrative Order dated September 29, 1989. Colette argues that the court properly used the "new guidelines", promulgated by the Iowa Supreme Court on October 16, 1990.

In its October, 16, 1990, Administrative Order, the supreme court directed that the new guidelines would not be effective until December 31, 1990. The dissolution decree in this case was entered on July 24, 1990. Therefore, the old guidelines were still in effect and should have been used by the trial court to establish John's child support obligation. The trial court did not express which set of guidelines it used.

The trial court found the average of John's last two years of taxable income to be $58,481.50. We believe this is a proper standard from which to assess his child support obligation. We also find that Colette's income exceeds $1,000 per month, and from our examination of the record, we believe her earning capacity is well over $1,000 per month.

Applying the old guidelines to these figures, we find John's support obligation to be approximately $764 per month while two children are eligible for support. The trial court directed John to pay $900 per month for two children. We cannot justify the $900 per month award. The trial court gave no reason for a departure from the child support guidelines, and we find no proper explanation for the disparity between our calculations and those of the trial court. We must remand this matter to the trial court for a determination of John's child support obligation consistent with the guidelines. In applying the.guidelines, the trial court should use John's net business income to calculate his "net income" for child support purposes. The trial court should use the old guidelines to calculate John's child support obligation between July 24, 1990, and December 31, 1990. Payments made on or after December 31, 1990, should be calculated using the new guidelines.

■ B. Continuation of support. Next, John asserts that the child support should not be ordered to automatically continue after the children have reached age eighteen. He argues support should not continue until the criteria set out by Iowa Code section 598.1(2) have been met. Whether these criteria have been met cannot be established until the children reach age eighteen. Therefore, John contends, the trial court's continuing award of child support is erroneously premature.

Iowa Code section 598.1(2) (1991) states in pertinent part:

The [child support] obligations may include support for a child who is between the ages of eighteen and twenty-two years who is regularly attending an accredited school in pursuance of a course of study leading to a high school diploma or its equivalent, or regularly attending a course of vocational-technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs; or is, in good faith, a full-time student in a college, university, or community college; or has been accepted for admission to a college, university, or community college and the next regular term has not yet begun; or a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

This provision allows the trial court, in its discretion, to order support continued through college under certain circumstances. In re Marriage of Vrban, 293 N.W.2d 198, 202 (Iowa 1980). Three factors were set out in Vrban to guide the trial court in the exercise of its discretion. See id. These factors include: (1) the financial condition of the parent, (2) the ability of the child to handle college work, (3) the child's age, and (4) whether the child is self-sustaining. See id.

Colette argues that, although the trial court provided support would continue automatically, it is implicit in the trial court's order that the support will continue only if the conditions enumerated in section 598.-1(2) have been met. Essentially, Colette argues that the trial court has shifted the burden of modifying the decree to John should he find continued support is unwarranted as the children reach college age.

On this subject, the decree merely states "These payments [$900 per month for two children, and $600 per month for one] are continued automatically pursuant to Section 598.1(2)." We believe the provision for the support to continue is premature. The children, ten and thirteen at trial, are too young for the trial court to properly apply the four Vrban factors.

■ C. Life insurance payable to children. Finally, John argues that the trial court improperly ordered him to maintain a life insurance policy on himself. He contends that, because he is subject to F.I.C.A.

withholding, he should not be required to carry a life insurance policy payable to his minor children. In support of this argument, John relies upon an expansive reading of *In re Marriage of Jennings*, 455 N.W.2d 284 (Iowa App.1990). In *Jennings*, we struck a requirement in a decree which ordered one party to carry $125,000 in life insurance payable to the other party. 455 N.W.2d at 288. We did so because, under the particular circumstances of the case, we found the requirement to be inequitable. *Jennings* does not conflict with the Iowa Supreme Court's *Stackhouse v. Russell* decision, in which the court held that a provision in a dissolution decree ordering one party to maintain a life insurance policy payable to the children or the former spouse is enforceable. *Stackhouse*, 447 N.W.2d 124, 125 (Iowa 1989).

As in all cases of this type, precedent is of little value, and our decisions must ultimately depend upon the particular facts of this case. *In re Marriage of Kehrli*, 241 N.W.2d 923, 926 (Iowa 1976). Under the circumstances of the instant case, we find the trial court's order that John maintain his life insurance policy payable to the children is equitable.

■ III. *Property Division.* John, next, challenges the trial court's division of the couple's property. Colette agrees that the manner in which the trial court divided the inherited and gifted property had been prohibited by *In re Marriage of Sparks*, 323 N.W.2d 264 (Iowa App.1982). In *Sparks*, we held that the trial court had employed an improper method of property division when it added the parties' marital and inherited assets together, subtracted the debts and operating losses of both to arrive at a net asset figure, and then subtracted the value of the inherited property from the net asset figure to arrive at a net marital assets figure. *See id.* at 267.

The trial court in this case has erred in its division of the parties property. It appears from our reading of the trial court's decree that the court failed to first set aside any gifted or inherited property before distributing the marital debts and assets. While Colette asserts that the im-

proper method of division has nevertheless rendered an equitable outcome, we find this matter must be remanded to the trial court for a proper division of the assets.

■ IV. *Alimony.* The property division and the award of alimony must be considered together in evaluating their individual sufficiency; they are neither made nor subject to evaluation in isolation from one another. *In re Marriage of Griffin*, 356 N.W.2d 606, 608 (Iowa App.1984). Therefore, because we must remand the other economic provisions of the decree, we must also remand the issue of alimony.

■ V. *Appellate Attorney Fees.* An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *In re Marriage of Kern*, 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle*, 312 N.W.2d 147, 150 (Iowa App.1981).

Each party shall be responsible for his or her own appellate attorney fees. Similarly, the costs of this appeal are taxed equally between the parties.

For all the reasons stated, the judgment of the district court is affirmed, and the issues of child support, property division, and alimony are remanded. We do not retain jurisdiction of this case.

AFFIRMED AND REMANDED.

OXBERGER, C.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I dissent. I would affirm the child support award. I have assessed the award under the child support guidelines adopted on October 16, 1990 and effective December 31, 1990. These are the guidelines that we apply. I find that John, the appealing party, has not been ordered to pay child support in excess of what he would be ordered to pay under those guidelines.

I also would affirm the property division and the alimony award. The question is whether they were equitable. I find they were. I would affirm in total.