In re the MARRIAGE OF Emily Jean VERSLUIS and James Joseph Versluis.

Upon the Petition of Emily Jean Versluis, Petitioner–Appellee,

And Concerning James Joseph Versluis, Respondent–Appellant.

No. 92–1829.

Court of Appeals of Iowa.

June 28, 1994.

Robert J. Murphy of Roberts & Murphy, Independence, for appellant.

L. Don Snow of Mershon, Snow & Knock, Cedar Falls, for appellee.

Considered by HAYDEN, P.J., and SACKETT and CADY, JJ.

SACKETT, Judge.

Respondent-appellant James Joseph Versluis appeals challenging the economic provisions of a decree dissolving his long-term marriage to petitioner-appellee Emily Jean Versluis. We affirm.

James and Emily were married in 1967 and have children whom are now adults. Emily and James were both forty-five years old at the time of trial. Emily worked in the cafeteria at the Iowa Beef Processing plant in Waterloo, Iowa, a job she had for several years. She was paid an hourly wage of approximately $5. Emily, a high school graduate, had various jobs during the marriage except for a four-year period when she remained at home with the children.

James has an eighth-grade education and is employed by J.C. Penney stores as a construction supervisor. His job requires extensive travel. He does not have work from J.C. Penney some months during the year. His financial statement claimed monthly earnings of approximately $3600. He claims to be unemployed at least three months each year. During his months off, he either draws unemployment or works as a self-employed carpenter. James has health insurance and a pension plan through his employment.

The parties came into the marriage with few assets. At the time of the dissolution, James and Emily owned a home and personal property, including vehicles and a number of tools James used in his business. The trial court valued the assets, made a nearly equal division of the assets and liabilities based on those values, and ordered James to pay Emily alimony of $400 a month for three years.

■ Our review in cases such as these is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). We are not bound by these determinations, however. *Id.* Prior cases have little precedential value, and we must base our decision primarily on the particular circumstances of the parties presently before us. *In re Marriage of Weidner,* 338 N.W.2d 351, 356 (Iowa 1983).

■ James contends the trial court assigned too much value to his tools. He claimed the trial court should have accepted his testimony as to the tools' value because he purchased all the tools and was knowledgeable as to their value. We find the value placed on the assets by the trial court to be well within the permissible range of evidence and will not disturb them on appeal. *See In re Marriage of Bare,* 203 N.W.2d 551, 554 (Iowa 1973); *In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa App.1984).

■ James next contends Emily should not have been awarded alimony. The trial court, in setting the alimony award, mentioned Emily would like to get more educational training. James contends he should not have to help Emily with rehabilitation because she has a high school education, and he only went through eighth grade.

■ We recognize James has less education than Emily. We also recognize, as the trial court found, James is a skilled craftsman. James has been able to utilize his minimal education and skills and make a decent salary. Emily, though more highly educated, has only been able to work at minimum wage. Emily will hopefully be able to improve her employment opportunities with additional education and gain an earning capacity more parallel to James's earning capacity. James also has contributed substantially more to FICA than has Emily. When determining the appropriateness of alimony, the court must consider (1) the earning capacity of each party, and (2) their present standards of living and ability to pay, balanced against their relative needs. *See In re Marriage of Estlund,* 344 N.W.2d 276, 281 (Iowa App.1983). Alimony is an allowance to the former spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock,* 309 N.W.2d 432, 437 (Iowa 1981).

■ Alimony is not an absolute right; an award depends upon the circumstances of each particular case. *In re Marriage of Fleener,* 247 N.W.2d 219, 220 (Iowa 1976). The discretionary award of alimony is made after considering those factors listed in Iowa

Code section 598.21(3). *See In re Marriage of Hayne,* 334 N.W.2d 347, 350 (Iowa App. 1983).

The alimony award is equitable and we will not disturb it on appeal.

■ James's third contention is the trial court incorrectly determined his annual income because it found he worked ten and one-half months a year and he actually works between eight and nine months a year. He contends the trial court, therefore, used the wrong figure for his wages in assessing the alimony. We find the alimony award equitable whether James works for J.C. Penney eight or ten months a year. We do note during the time he is not working for J.C. Penney, he does carpenter work and/or draws unemployment. We, therefore, reject this argument.

■ Emily contends she should be awarded attorney fees on appeal. We agree and award fees of $300. Costs on appeal are taxed to James.

**AFFIRMED.**