**In re the MARRIAGE OF Josephine Caroline GRISWOLD and Gordon Wayne Griswold.**

**Upon the Petition of Josephine Caroline GRISWOLD, Appellant,**

**and Concerning Gordon Wayne GRISWOLD, Appellee.**

**No. 56359.**

Supreme Court of Iowa.

June 26, 1974.

Cudahy, Wilcox, Handley & McGee, Jefferson, for appellant.

Doran, Doran, Doran & Courter, Boone, for appellee.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

Petitioner-wife, Josephine Caroline Griswold, appeals from a decree entered in a dissolution proceeding pursuant to chapter 598, The Code, 1971, and asks review of the division of property and child custody payments as provided in said decree.

We have examined the factual situation as it is discernible from the briefs presented by both parties, under our responsibility to review the record de novo. We find no abuse of discretion on the part of trial court. Petitioner cites to us only one case. Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968), to guide our decision in this matter, and respondent offers no authority in addition to the *Schantz* case to support an affirmance.

This court has applied to the matter before us the criteria laid down in *Schantz, supra,* 163 N.W.2d at 405, eliminating, of course, any post-marital criteria in *Schantz* applicable to the fault concept in divorce which attended prior to the enactment of the present chapter 598, The Code. See In re Marriage of Cook, 205 N.W.2d 682, 684 (Iowa 1973). We are led to a determination that the property settlement and support provisions ordered by trial court were justified by the record in all respects.

An itemization of services, charges and expenses on the part of petitioner's counsel is submitted with the appeal. Petitioner is allowed the sum of $500 as counsel fees incurred in the prosecution of her appeal.

This case is therefore affirmed.

Affirmed.