In re the MARRIAGE OF Raymond Lewis MATHIS and Jo Elaine Mathis.

Upon the Petition of Jo Elaine MATHIS, Appellee, and concerning Raymond Lewis MATHIS, Appellant.

No. 2–56777.

Supreme Court of Iowa.

March 19, 1975.

Harris & Pettit, Bloomfield, for appellant.

Vern M. Ball, Bloomfield, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

REES, Justice.

Respondent husband Raymond Lewis Mathis appeals from those provisions of a decree of marriage dissolution having to do with the award of permanent alimony and the allowance of child support.

 I. Under our *de novo* review, we have examined the factual situation presented by the appendix and the briefs and arguments of the parties.

We have applied to the matter before us the criteria laid down in Schantz v. Schantz, 163 N.W.2d 398 (Iowa 1968), eliminating any post marital criteria referred to there regarding the fault concept which attended prior to the enactment of our present chapter 598, The Code. See In re Marriage of Griswold, 219 N.W.2d 29 (Iowa 1974); In re Marriage of Cook, 205 N.W.2d 682, 684 (Iowa 1973); In re Marriage of Williams, 199 N.W.2d 339 (Iowa 1972).

We find no merit in respondent's contention the child support and periodic permanent alimony ordered and awarded by the trial court are excessive, unreasonable or unjustified. We are led to the determination the property settlement and support provisions of the decree were justified by the record in all respects. See Norenberg v. Norenberg, 168 N.W.2d 794 (Iowa 1969).

II. By prior order application for allowance of appellee's attorney's fees on this appeal was submitted with the appeal. We have reviewed the itemization of expenses incurred and charges made for services on appeal by appellee's counsel, and appellee is now allowed the sum of $1,000 as counsel fees for services performed and expenses incurred in connection with this appeal.

We find no reversible error and affirm.

Affirmed.