In re the MARRIAGE OF Paul David BEARD and Myrtle Kathryn Beard.

Upon the Petition of Myrtle Kathryn BEARD, Appellee,

and Concerning Paul David BEARD, Appellant.

No. 3–58823.

Supreme Court of Iowa.

June 30, 1976.

Hyland & Laden, P. C., Des Moines, for appellant.

Melio A. Tonini, Des Moines, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

REES, Justice.

Respondent husband Paul David Beard appeals from the provisions of a decree of marriage dissolution granting custody of two minor children of the parties to petitioner and from the provisions of the decree respecting alimony. He does not appeal the grant of custody to petitioner of a third child.

The parties were married April 10, 1954, when petitioner had about three months left in school to obtain a degree in nursing and respondent was pursuing a course of instruction in veterinary medicine. A fair interpretation of the record would indicate after petitioner finished her training as a nurse she became employed in that profession and in large part subsidized respondent's education.

Five children were born as the issue of the marriage but only the three younger were living at home and were affected by the decree. The oldest child, Paula Kay, was living in the family residence of the parties with petitioner, but was employed and apparently self-sustaining. The second child married at age 16 and was no longer living in the family home. Custody of the three children affected by the decree, Michelle, born October 5, 1960, Paul David, born January 30, 1963, and Loretta, born October 28, 1965, was awarded to the petitioner.

Respondent in his appeal asserts that, based upon the facts of the case he should have been granted the custody of Paul David and Loretta, although he recognizes that this court has stated on several occasions that children of a family should not be separated from each other without good and compelling reasons. As a second issue stated for review, respondent contends the award of alimony to petitioner is unreasonable in view of the property settlement and the obligations of the parties.

I. We have examined the factual situation presented by the appendix, the transcript of the testimony and the briefs and arguments of the parties under our obligation to review the case *de novo.* See rule 334, Rules of Civil Procedure.

We have applied to this case all of the criteria laid down in *Schantz v. Schantz,* 163 N.W.2d 398 (Iowa 1968), except, of course, any post marital criteria referred to in *Schantz* regarding the fault concept which attended prior to the enactment of our present chapter 598, The Code. See *In re Marriage of Mathis,* 226 N.W.2d 804, 805 (Iowa 1975); *In re Marriage of Griswold,* 219 N.W.2d 29 (Iowa 1974); *In re Marriage of Cook,* 205 N.W.2d 682, 684 (Iowa 1973); *In re Marriage of Williams,* 199 N.W.2d 339 (Iowa 1972).

As noted above, the custody of the three younger children of the parties was vested in the petitioner. Such primary custody was made subject to the right of the respondent to visit with the children on alternate weekends, provided he transport the children to and from his residence, and subject to his right to have the children with him for two weeks during the summer vacation.

There is nothing in the record before us which indicates the best interests of the children would be served by a divided custody, that is, by awarding the two younger children, Paul and Loretta, to the respondent. We believe the custody provisions of the decree were right and must conclude there is no merit in respondent's contention otherwise.

II. We find no merit in respondent's contention the alimony provisions of the decree were unreasonable in view of the property settlement and the obligations of the parties. The periodic permanent alimony ordered and awarded by the trial court is not excessive, unreasonable or unjustified under the record before us here. We therefore reach the conclusion the provisions of the decree with respect to property settlement and alimony were justified by the record in every respect. See *Norenberg v. Norenberg,* 168 N.W.2d 794 (Iowa 1969).

III. By prior order, application for allowance of fees for petitioner's attorney was submitted with this appeal.

In its decree the trial court found that "[i]n view of the incomes of the respective

parties and the distribution of the assets, the court determines that each party shall pay their own attorney fees." The petitioner has taken no appeal from this or any other provision of the decree of the trial court.

Attached to the petitioner's application for allowance of fees is an itemized statement of services rendered by her attorney in both the trial court and in this court in connection with the appeal of this case. It would appear from the itemized statement that petitioner's attorney expended 15 hours of time in connection with the representation of petitioner in the trial court, and 18¼ hours plus one full day (which we assume to be a 7-hour working day) in connection with the preparation of the appeal record, conferences with client, work on brief and research and other work in connection with the perfection and prosecution of the appeal to this court.

We are not disposed to disturb the findings, conclusion and decree of the trial court with respect to the fees for petitioner's attorney for the representation of petitioner-appellee in the trial court. The application for allowance of fees indicates that the petitioner has paid to her counsel only $150 to apply on costs of appeal for printing and miscellaneous costs. Without attempting in any way to fix the fees to which petitioner's counsel is entitled for her representation, we now conclude respondent shall pay to petitioner for her use in compensating her counsel the sum of $650, and trial court is ordered to render judgment against respondent in this amount and in favor of petitioner.

Costs of this appeal are taxed to respondent.

This case is therefore affirmed and remanded for the entry of judgment for fees in keeping with this opinion.

AFFIRMED AND REMANDED.