**Ralph Edward LOCKE, Appellant,**

v.

**Margaret LOCKE, Appellee.**

**No. 60191.**

Supreme Court of Iowa.

March 22, 1978.

H. A. Stoebe, of Stoebe & Stoebe, Humboldt, for appellant.

Lloyd Karr, of Karr, Karr & Karr, Webster City, for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, LeGRAND, and REYNOLDSON, JJ.

REYNOLDSON, Justice.

This dissolution matter again surfaces here following our remand in *Locke v. Locke*, 246 N.W.2d 246 (Iowa 1976).

The basic facts and applicable law are set out in that opinion. We were unable to review trial court's property settlement because the record did not reflect the value of a 38-acre farm inherited by respondent wife, nor separate values of a coin collection and household furnishings. For the same reason we could not review trial court's decision respondent should not be awarded alimony. We directed trial court to reopen this case to receive testimony relating to the values of the above items of property, to reconsider the property division, to reexamine the question of alimony, and to fix that portion of respondent's attorney fees which should be paid by petitioner.

Trial court promptly reopened this matter for those purposes. Pursuant to stipulation of parties, the farm was valued at $28,500; household goods, $1500; and coin collection, $11,000.

Trial court's supplemental decree did not change the property division which then valued out in the following manner:

| Item | Petitioner | Respondent |
|---|---|---|
| Cash in Sioux Rapids Bank (inheritance distribution) | $ | $ 8,000 |
| Personal belongings (ring) | 500 | |
| Texas real estate, equity | 265 | |
| Jewelry inventory, equity | 27,561 | |
| Store building, equity | 9,166 | |
| Store fixtures | 3,000 | |
| Life insurance policies | 6,975 | |
| Stocks | 3,041 | 5,936 |
| Realty, Livermore, Iowa | 50 | |
| Cash in bank | 100 | 1,762 |
| Home, Humboldt, Iowa, equity | | 21,700 |
| Automobile | | 675 |
| 38-acre farm (inherited) | | 28,500 |
| Household goods | | 1,500 |
| Coin collection | 11,000 | |
| TOTALS | $61,658 | $68,073 |

Responding to our direction to give appropriate consideration to the presence or absence of social security benefits, trial court found:

"Since the jewelry business was not operated as a partnership, the Respondent did not pay any self-employment tax for Social Security purposes, nor was any paid for her, as provided by the Federal Insurance Contribution Act. The Petitioner could not employ Respondent for such purpose."

Pursuant to concession of petitioner, he was ordered to pay $200 per month child support for Mary, a daughter, until she married or ceased to attend an accredited educational institution, whichever should first occur. Trial court decreed $300 per month alimony for respondent, to continue until she remarried, died, or significant change of circumstances occurred, to increase to $400 per month when child support terminated. Petitioner was ordered to pay $2500 toward respondent's attorney fees.

Petitioner now appeals, asserting the alimony awarded was excessive and the attorney fee allowance was inequitable. He further contends trial court should not have considered "the termination of a wife's social security benefits" where the parties were married for more than 20 years because under those circumstances respondent is entitled to a wife's retirement benefits unless she remarries. These issues are considered in the divisions which follow.

I. *Alimony.*

We noted in our prior opinion respondent taught school before these parties were married in 1950, and for three years thereafter. Commencing in 1954, she fulfilled the role of homemaker and mother. In addition, she worked full time in the family jewelry business but received no salary. Payments for social security purposes were credited to petitioner. The assets these parties accumulated resulted from their joint efforts except for respondent's inheritance just prior to trial.

Petitioner calls attention to his 1973 tax return, the last full year prior to trial, showing a $5187 net income from the jewelry business. Respondent asks us to consider the 1972 return, the last full year she was associated with the business, when on an almost identical gross income a net income of $13,934 was generated.

It seems apparent trial court, having heard the witnesses and upon considering all the evidence, must have concluded the 1972 net income from the jewelry business awarded petitioner more appropriately reflected the potential of the enterprise.

However, under all the circumstances, including respondent's apparent good health and current employment, we conclude the alimony award should be reduced to $200 per month until Mary's child support terminates, thereafter to increase to $300 per month, with all other alimony provisions of the supplemental decree affirmed.

II. *Allowance for attorney fees.*

Petitioner asserts he should not be required to pay $2500 toward respondent's attorney fees for the first appeal. He points out § 598.11, The Code, permits such an allowance "to enable such party to prosecute or defend the action," and argues respondent's cash and liquid assets are sufficient to finance her own appeal.

Of course attorney fees are not recoverable as a matter of right in a dissolution proceeding. Such allowance depends upon one spouse's financial needs and the other spouse's ability to satisfy them. *In re Marriage of Willcoxson*, 250 N.W.2d 425, 427 (Iowa 1977); *In re Marriage of Peterson*, 227 N.W.2d 139, 142 (Iowa 1975). Considerable discretion is assigned trial court in allowance of attorney fees. *In re Marriage of Winegard*, 257 N.W.2d 609, 618 (Iowa 1977).

At the remand hearing respondent introduced an itemized statement of services rendered by her attorneys on appeal, totaling $4206.31. She testified her attorneys had agreed not to charge her more than $3000 for their services, regardless of time spent.

Although the record reflects respondent's attorneys spent much time and effort in successfully prosecuting her appeal, we find, in view of the property division and respective assets awarded these parties, that petitioner should be required to pay only $1500 of respondent's attorney fees. Of course in so ruling we do not fix the value of respondent's counsel fees, only the amount thereof which petitioner must pay. *In re Marriage of McDowell*, 244 N.W.2d 238, 240 (Iowa 1976); *In re Marriage of Beard*, 243 N.W.2d 565, 567 (Iowa 1976).

III. *Social security.*

Lastly, we reach petitioner's contention the court should not have considered any loss to respondent relating to social security benefits because she is still entitled to them unless she remarries. See 42 U.S.C.A., §§ 402 and 416, providing benefits for divorced wife only if she had been married 20 years to an individual entitled to benefits, which time has now been reduced to ten years. Social Security Amendments of 1977, 91 Stat. 1548, § 337.

We reaffirm the determination in our prior opinion, 246 N.W.2d at 254, that the presence or absence of social security benefits is a factor to consider in applying the *Schantz* analysis. See *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968). That determination became the law of this case as well as future cases presenting similar facts.

While we do not know the precise weight trial court accorded this factor, we are satisfied it was and should have been considered.

Respondent's hard work enhanced the income of the business, thus increasing petitioner's social security contributions and his ultimate benefits.

Of course respondent will be entitled to benefits if she does not remarry. But that suggestion seems inappropriate when advanced by petitioner, who testified on the first trial he intended to remarry within 6 to 12 months.

Marriage is one of the basic civil rights of humankind. *Loving v. Virginia*, 388 U.S. 1, 12, 87 S.Ct. 1817, 1824, 18 L.Ed.2d 1010, 1018 (1967); see *Zablocki v. Redhail*, —— U.S. ——, ——, 98 S.Ct. 673, 679, 54 L.Ed.2d 618, 628 (1978). The record shows respondent is past the age when she reasonably could be expected to accumulate substantial social security benefits from her own employment. Her entitlement based on petitioner's contributions will commence when she reaches age 62 only if she refrains from exercising her fundamental right to remarry.

The fact respondent will obtain social security payments based on petitioner's contributions if she does not remarry should not prevent trial court from considering social security as a factor under the *Schantz* analysis.

We affirm in part, modify in part, and remand for entry of supplemental decree in conformance herewith. Costs are taxed to petitioner.

AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED WITH DIRECTIONS.