In re the MARRIAGE OF Janice J. YATES and Maxie E. Yates.

Upon the Petition of Janice J. Yates, Petitioner-Appellant, And Concerning Maxie E. Yates, Respondent-Appellee.

No. 84–55.

Court of Appeals of Iowa.

Jan. 29, 1985.

Ronald E. Runge, Sioux City, for appellant.

N. Richard Willia of Margolin, Gildemeister & Willia, Sioux City, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Petitioner, Janice J. Yates, seeks modification of her dissolution decree claiming a change in the federal law on military retirement pay supports said modification.

### Facts

Janice J. and Maxie E. Yates were married in 1952. A decree dissolving their marriage was entered in Woodbury County in March of 1979. Maxie had served in the armed services from 1944 to 1964. In 1965 Maxie began receiving military retirement pay, which he was receiving at the time of the dissolution and which he continues to receive at this time.

In January of 1983 Janice filed a petition to modify her dissolution decree contending that the law in effect at the time her decree was entered did not authorize her to be given any portion of Maxie's retirement pay, and that she received none and that the United States Congress thereafter enacted what is referred to as the "Uniform Services Former Spouses' Protection Act." She contended that the enactment of said act was a substantial change of circumstances such as should support modification of the decree and an award to Janice of a percentage of Maxie's military retirement pay.

The trial court refused to modify the decree, holding; that the alimony award was not subject to modification because the alimony was fixed in a definite even amount and had already been paid; that the law in question was not a change in circumstances within the meaning of § 598.21(8), the Code; and that the parties could have considered the retirement pay at the time the dissolution decree was entered.

Janice appeals contending that the Uniform Services Former Spouses' Protection Act changed the law and that such change was a material change so as to support a modification of the decree and an award to her of a portion of Maxie's retirement pay.

In 1981 the United States Supreme Court handed down an opinion in the case of *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). *McCarty* was an appeal from the California Court of Appeals, wherein the California court had determined under the law of California under which each spouse in a dissolution of marriage has an equal and absolute right to a half-interest in all community and quasi community property, while retaining his or her separate property, that the husband's military retirement was subject to division as quasi-community property and ordered that the wife was to receive 45% of same. The United States Supreme Court concluded that there was a conflict between the community property law of the State of California and the federal military retirement statutes and held that military retirement pay continues to be the personal entitlement of the retiree. The court recognizing the plight of the ex-spouse, determined that more protection for a former spouse is a decision for Congress alone. Congress reacted and enacted the "Uniformed Services Former Spouses' Protection Act" Pub.L. No. 97–252, 96 Stat. 718, 730–738 (1982). This act, which became effective February 1, 1983, removes the federal preemption of state laws and allows division of military pensions in disso-

lution proceedings. *Steczo v. Steczo*, 135 Ariz. 199, 659 P.2d 1344, 1345–1346 (App. 1983), and provides in part in section 1002(a) amending 10 U.S.C. Ch. 7, new section 1408(c)(1):

Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

 Janice claims this federal statutory change resulted in a substantial change of circumstances so as to support her modification petition. We disagree. Iowa is not and was not at the time of the original decree a community property state. Iowa subscribes to a theory of equitable division of property in a dissolution. In Iowa the courts are directed to make an equitable division of property under § 598.21(1), it being mandatory to consider all the enumerated factors of that section and discretionary for them to consider as required in § 598.21(1)(m) "[O]ther factors the court may determine to be relevant in an individual case." *See In Re Marriage of Johnson*, 350 N.W.2d 199, 202 (Iowa 1984).

In 1981, subsequent to *McCarty*, the Iowa Supreme Court in *In Re Marriage of Jones*, 309 N.W.2d 457, 460–61 (Iowa 1981) charted the course which had resulted in their decision *In Re Marriage of Schissel*, 292 N.W.2d 421, 427 (Iowa 1980), that future military retirement was properly considered by a trial court who added an estimated sum to the wife's side to compensate for the pay in adjusting the parties' equities without attempting to divide the pay itself. In charting the course in *Jones* at 460, the supreme court again determined that the trial court could not split the military retired pay but properly considered it

in requiring the husband to pay the wife alimony, pointing out that alimony involves the wife's needs by way of support and the husband's ability to pay toward support. In making such determination the court found no interference with federal law, including *McCarty v. McCarty*.

Without considering the effect of a statutory change on a modification, we determine that the Iowa court has consistently determined that public and private pensions as well as social security benefits as a form of pensions and military retired pay could be considered by the Iowa courts in framing the financial clauses of dissolution decrees. *See In Re Marriage of Jones*, 309 N.W.2d 457 (Iowa 1981); *In Re Marriage of Schissel*, 292 N.W.2d 421 (Iowa 1980); *Locke v. Locke*, 263 N.W.2d 694, 696 (Iowa 1978); *In Re Marriage of Ralston*, 242 N.W.2d 269, 271–72 (Iowa 1976).

While the statutory change may alter the device of payments by allowing the Iowa courts to utilize the pension for payment of benefits and protection of spouses[1] the new law made no change in the basic equitable principles of equitable distribution concerning pensions clearly established in Iowa statutory and common law.

Having determined that the act makes no change in our principle of equitable distribution, we affirm the trial court in their determination.

AFFIRMED.

---

1. Section 1002(a) amending 10 U.S.C. Chap. 7, new section 1408(c)(2) provides (2) "Court order" means a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such previously issued decree), which—... (b) provides for—(ii) payment of alimony (as defined in section 462(c) of the Social Security Act (42 U.S.C. 662(c)).