In re the MARRIAGE OF Wanda E. CURFMAN and Paul W. Curfman.

Upon the Petition of Wanda E. Curfman, Petitioner–Appellant/ Cross–Appellee,

And Concerning Paul W. Curfman, Respondent–Appellee/Cross–Appellant.

No. 88–1120.

Court of Appeals of Iowa.

July 26, 1989.

Henry E. Nathanson, Cedar Rapids, for petitioner-appellant/cross-appellee.

William G. Nicholson, of White & Johnson, P.C., Cedar Rapids, for respondent-appellee/cross-appellant.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

We address challenges by both petitioner-appellant/cross-appellee Wanda E. Curfman and respondent-appellee/cross-appellant Paul W. Curfman to the economic provisions of their dissolution decree. We affirm as modified.

The parties were married in 1954 and have four adult children. At the time of marriage Wanda was employed by Northwestern Bell. She left this employment shortly after marriage when she became pregnant with the parties' first child. She assumed primary responsibility for the parties' children and had some other employment outside the home. Since 1976 she has been employed as a housekeeper at the Holiday Inn. She earns $900 per month before deductions. Paul has been employed at Cargill since 1965 and currently earns $3,291 per month before deductions. He also has a farming and livestock operation. The farming and livestock operation has not been profitable.

The trial court entered an order allocating the current assets and liabilities of the parties. The net result was each party received approximately $40,000 in property, excluding Paul's pension rights, which were given no value but were allocated to Paul. Additionally, the trial court ordered Paul to pay Wanda alimony or spousal support of $400 per month, payable until either party dies or Wanda remarries. Wanda has challenged the valuation and allocation of the property. Paul has challenged the alimony award. We affirm as modified.

The trial court made a nearly equal division of existing assets and liabilities except a pension plan of Paul's with Cargill. The trial court determined the pension plan had no current value and gave the entire plan to Paul. Wanda claims this was not equitable. We agree.

Pension benefits should be considered in framing the financial clauses of dissolution decrees. *See In re Marriage of Jones*, 309 N.W.2d 457 (Iowa 1981); *Locke v. Locke*, 263 N.W.2d 694, 696 (Iowa 1978); *In re Marriage of Ralston*, 242 N.W.2d 269, 271–72 (Iowa 1976); *In re Marriage of Jensen*, 396 N.W.2d 367, 369 (Iowa App.1986); *In re Marriage of Yates*, 365 N.W.2d 49, 51 (Iowa App.1985). *See also Pensions or Retirement Benefits as Subject to Award or Division by Court in Settlement of Property Rights Between Spouses*, 94 A.L. R.3d 176 (1979). Paul's pension plan represents a substantial portion of the assets of this marriage. Consideration of this plan is very important because this is a marriage where Paul was the primary wage earner and Wanda stepped out of the employment arena to assume the primary responsibility for the parties' children.

We have recognized both spouses have the same retirement goals and expectancies regarding pension benefits and that these expectations are no different than if they had provided for their late years by using wage income to purchase other investments. *See Jensen*, 396 N.W.2d at 369.

Paul's plan with Cargill is a defined benefit plan. The plan promises a definite amount of compensation at retirement but is contingent on Paul's survival. The fact that the plan is contingent on survival does not mean it is without value. The present interest of the plan is derived from the amount of the monthly benefits promised at retirement rather than a present interest. *See* Comment, *Distribution of Pension Benefits in Marital Dissolutions*, 24

Santa Clara L.Rev. 999, 1001 (1984). To value such a plan requires the services of an actuary. *Id.*

While fixing a value on the plan at this time would allow the value of the plan to be considered in arriving at an equitable division, it would not necessarily be the better solution. In all probability it would result in a property division leaving Paul with few assets other than the pension rights. *See Jensen,* 396 N.W.2d at 369; *In re Marriage of Hunt,* 78 Ill.App.3d 653, 34 Ill.Dec. 55, 397 N.E.2d 511, 519 (1979). Current valuation can be bypassed by providing payment out of future benefits if and when received. Where it is difficult to place a present value on pension or profit sharing due to uncertainties regarding vesting or maturity, each spouse may be awarded an appropriate percent to be paid if and when pension is payable, apportioning benefits only if and when paid. *In re Marriage of Brown,* 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561, 565 (1976); *Janssen v. Janssen,* 331 N.W.2d 752, 756 (Minn.1983). This allocates equally between spouses the risk that the pension may never be paid. *See DuBois v. DuBois,* 335 N.W.2d 503, 505 (Minn.1983).

We modify the decree to provide when and if Paul commences to receive his pension he shall pay to Wanda an amount equal to fifty percent of a fraction of his pension; the numerator of the fraction being twenty-three years, the number of years Paul worked for Cargill during the marriage, the years of marriage, and the denominator of the fraction being the total number of years during which benefits were accumulated prior to being paid.

We affirm the alimony award in all respects except we modify it to provide an additional condition for termination. It shall terminate at the time Paul commences to receive pension benefits.

Costs on appeal are taxed one-half to each party.

AFFIRMED AS MODIFIED.