In re the MARRIAGE OF Dolores L.
HUFFMAN and Clell
Edward Huffman

Upon the Petition of Dolores L.
Huffman, Appellant,

and Concerning Clell Edward
Huffman, Appellee.

No. 89–884.

Court of Appeals of Iowa.

Jan. 25, 1990.

Greg A. Life, Oskaloosa, for appellant.

Robert M. Box of Box & Box, Ottumwa, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Dolores Huffman and Clell Huffman were married on March 28, 1946. Five children were born of this marriage, all of whom are now adults. Dolores was born in 1930; Clell was born in 1923.

Following her marriage at age fifteen, Dolores dropped out of high school and acted primarily as a homemaker during the marriage. She subsequently obtained her general equivalency degree, but held only sporadic employment during the course of the marriage. Dolores claims her health is not good and prevents her from seeking meaningful employment. Clell recently retired after thirty-three years of service as a meat inspector for the United States Department of Agriculture. Clell also claims he suffers from health problems preventing him from obtaining future employment.

Following the trial, the district court entered its decree of dissolution. Dolores was awarded the homestead valued at $45,000 with no encumbrance, personal property valued at $3,000, a 1985 automobile valued at $5,000 with no encumbrance, one-half of the parties' state income tax refund in the amount of $429, and thirty percent of Clell's monthly retirement benefits. The decree provided she was to be responsible for $4,134 of the parties' debts. Clell was awarded the real estate in Batavia which has a value of $15,000 and an encumbrance in the amount of approximately $23,902. He also received the remainder of his lump sum retirement benefits valued at $12,301.31, his inheritance from his sister's estate ($14,451), furnishings and lawn equipment worth $1,825, and one-half of the parties' tax refund. The decree holds Clell responsible for a total of $24,696 of debt. Clell was ordered to pay $500 in attorney fees to Dolores. Dolores has appealed the economic provisions of the decree.

I. *Scope of Review.* To resolve the issues presented by the parties, we turn to well-established principles. Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, though helpful, have little precedential value since we must base our decision primarily on the particular circumstance of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

II. *Alimony.* Alimony is an allowance to the ex-spouse in lieu of a legal obligation to support that person. *See In re Marriage of Hitchcock*, 309 N.W.2d 432, 437 (Iowa 1981). Alimony is not an absolute right; its award depends upon the unique circumstances of each particular case. *In re Marriage of Fleener*, 247 N.W.2d 219, 220 (Iowa 1976). In making an award of alimony the courts are to consider those factors set forth in Iowa Code section 598.21(3) (1989).

■ When determining the appropriateness of alimony, a court must consider: "(1) the earning capacity of each party, and (2) present standards of living and ability to pay balanced against relative needs of the other." *Hitchcock*, 309 N.W.2d at 431–32. The record in this case reveals Clell's only substantive source of income after the dissolution would be his retirement benefits. As division of these benefits is regarded as the division of marital property, *In re Marriage of Mott*, 444 N.W.2d 507, 510 (Iowa App.1989), they do not constitute a resource from which alimony may be derived in this case. In light of the fairly equal division of property in this matter and Clell's limited potential for future employment, an award of alimony was not warranted in this case.

III. *The Property Award.* The criteria governing the division of marital property are contained in Iowa Code section 598.-21(1) (1989). The determination as to what constitutes an equitable property division cannot be reduced to a precise mathematical formula. The courts strive to make a just and equitable award under the unique circumstances of each case. Among the factors to be considered are the parties' respective incomes, educations, and earning capacities; the length of the marriage; the contributions and sacrifices made by each toward the acquisition of the property during the marriage; the sources of the property; the respective parties' needs; their social position and living standards both before and during the marriage; their physical and mental health ánd life expectancies; the tax consequences to each party; and such other factors as may reasonably enter into any division. *See In re Marriage of Wallace*, 315 N.W.2d 827, 830 (Iowa App.1981).

This was a marriage of forty-three years and we recognize the contributions made by each party. Clell provided financially for the family while Dolores maintained their home and raised their five children. *See* Iowa Code § 598.21(1)(c) (1989) (courts are to recognize contributions of homemaking and child care services).

■ Dolores contends the district court's property division is inequitable in several respects. She claims Clell's inheritance from his sister should have been subject to division. Inherited property is not subject to a property division except upon a finding that refusal to do so would be inequitable. Iowa Code § 598.21(2) (1989). The circumstances of this case do not warrant deviation from the general rule, and the district court correctly awarded Clell his 1988 $14,-457 inheritance from his sister.[1]

■ Dolores claims the district court erred in not awarding her more of Clell's pension benefits. Pension benefits are treated as marital property, *In re Marriage of Howell*, 434 N.W.2d 629, 631 (Iowa 1989), and are subject to equitable distribution. *Mott*, 444 N.W.2d 507, 510 (Iowa App.1989); Iowa Code § 598.21(1)(i). Several schemes for the distribution of pension benefits have been devised, *Mott*, 444 N.W.2d at 510–11, but the overriding principle found in each is to ensure that a spouse receives an equitable share of a pension which is accumulated during the course of the marriage. *See generally Howell*, 434 N.W.2d at 633; *In re Marriage of Curfman*, 446 N.W.2d 88, 90 (Iowa App.1989).

Clell's pension is derived from thirty-three years of employment. He accumulated this pension during his marriage to Dolores and she is entitled to an equitable share. Her contributions to the home during this long marriage left her unable to enter the workforce and build a pension of her own. Clell's monthly pension benefits are approximately $1,340. Dolores requests her right to Clell's pension benefits be increased from thirty to forty percent, or from approximately $400 to $500 a month. We find her request to be equitable under the circumstances of this case, and we modify the district court's

1. In her brief, Dolores suggests it is unfair to set aside Clell's inheritance when he received the benefits of her inheritances during the marriage. Her inheritances were commingled with family funds, and her failure to specifically designate proceeds from these inherited funds renders her argument without merit.

award to grant her forty percent of Clell's monthly pension benefits. We also modify the district court's award and strike the provision which conditions her right to receive Clell's pension benefits upon her marital status. "The distribution of pension benefits is a property award and not alimony." *In re Marriage of Wilson,* 449 N.W.2d 890 at 892 (Iowa App.1989). It is inequitable to tie the receipt of property to one's marital status and we modify the dissolution decree accordingly. *See Petition of Sturtz,* 415 N.W.2d 173, 177 (Iowa App.1987) (Sackett, J., dissenting) (no justification for tying receipt of pension benefits to marital status).

 Dolores argues the property division was inequitable and claims she should have received the Batavia house and part of Clell's lump sum pension benefits. The district court attempted to render an equitable property division which would provide each party with a home and a manageable debt load. It was not bound by the parties' agreement as to how the 1989 lump sum payment should be disbursed. Awarding this payment to Clell offset the award of greater assets and fewer debts to Dolores. In light of the modified pension benefits division adopted by this court, no further modifications of the property division are necessary.

■ IV. *Attorney Fees.* Iowa trial courts have considerable discretion in awarding attorney fees. *In re Marriage of Giles,* 338 N.W.2d 544, 546 (Iowa App. 1983). To overturn an award the complaining party must show the trial court abused its discretion. Awards of attorney fees must be for fair and reasonable amounts, *see In re Marriage of Willcoxson,* 250 N.W.2d 425, 427 (Iowa 1977), and must be based on the parties' respective abilities to pay. *In re Marriage of Lattig,* 318 N.W.2d 811, 817 (Iowa App.1982).

Guided by these general legal principles, we find the trial court's award of $300 in temporary fees before trial and $500 in fees at trial was equitable under the circumstances. No abuse of discretion occurred.

■ V. *Appellate Attorney Fees.* Dolores seeks an award of attorney fees on appeal. An award of attorney fees is not a matter of right, but rests within the court's discretion and the parties' financial positions. *See In re Marriage of Kern,* 408 N.W.2d 387, 390 (Iowa App.1987). We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *In re Marriage of Castle,* 312 N.W.2d 147, 150 (Iowa App. 1981).

In light of these general principles, we find appellate attorney fees are not warranted in this case. The costs of this action shall be assessed to Clell.

AFFIRMED AS MODIFIED.