**In re the MARRIAGE OF Deborah H. PLASENCIA and Raphael A. Plasencia.**

**Upon the Petition of Deborah H. Plasencia, Petitioner–Appellee,**

**And Concerning**

**Raphael A. Plasencia, Respondent–Appellant.**

**No. 94–1039.**

Court of Appeals of Iowa.

Oct. 31, 1995.

924

Ronald L. Hansel and Richard M. LaJeunesse of Hansel & LaJeunesse, P.C., Des Moines, for appellant.

Timothy McCarthy II of Cook, Gotsdiner, McEnroe & McCarthy, Des Moines, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Respondent-appellant Raphael A. Plasencia challenges the order dissolving his marriage to petitioner-appellee Deborah H. Plasencia. Raphael claims the court (1) failed to equitably divide the parties' assets; (2) failed to properly value Deborah's education and earning potential; and (3) assumed the role of an advocate in Deborah's favor. We affirm as modified.

Deborah, thirty-seven at the time of the dissolution, and Raphael, thirty-eight at the time of the dissolution, were married in 1982. They have two children, Danielle, born in 1985, and Michael, born in 1991. The parties agreed to joint legal custody of the children with Deborah having primary physical care.

The district court divided Deborah and Raphael's personal property. The personal property was not valued by the district court. The court set aside to Deborah assets she brought into the marriage. Deborah was ordered to pay debts of $11,063. Raphael was ordered to pay debts of $11,153. Deborah was given the right to live in the family home in Carlisle, Iowa, until the youngest child reaches the age of eighteen when the house is to be sold and the proceeds divided equally. Deborah was ordered to pay the mortgage, taxes, and insurance. There appears to be little equity in the home. Each party was awarded his or her IPERS account. Raphael's IRA was divided equally. The court awarded Deborah twenty-five percent of Raphael's net recovery in a pending personal injury claim. No alimony or attorney fees were awarded.

Raphael contends the property distribution was not equitable to him. Raphael claims Deborah received a greater amount of the parties' property. Raphael contends the district court should have adopted his valuations for the property. Raphael advances the court awarded Deborah property she did not ask for and there were some items which were not distributed by the court.

Deborah responds the division of property was equitable. She states she did ask to receive the property which was awarded to her. According to Deborah, the court took the parties' requests into consideration in dividing the personal property.

Deborah, who had a bachelor's degree, worked outside the home at the time of marriage. In 1986, Deborah decided to go back to school for a master's degree in social work. She worked part-time while going to school. The parties borrowed $17,000 while Deborah was in school, $6800 of which was for tuition and books, and the remainder for living expenses not covered by Raphael's earnings. Deborah obtained a master's degree in 1990 from the University of Iowa and began working for Des Moines Public Schools as a counselor. Deborah's annual income is about $24,000. She has $3063 in her IPERS retirement account.

Raphael has a high school education and has taken some classes at the American Institute of Business in Des Moines. He worked for Statesman Insurance and accumulated a retirement fund of $32,197 now held in an IRA. Raphael is currently employed as a computer programmer by the State of Iowa. He has annual income of about $32,000. Raphael has $3395 in his IPERS retirement account. Raphael was injured in 1990 and is pursuing a tort claim to be compensated for the injuries.

■ The partners in a marriage are entitled to a just and equitable share of the property accumulated through their joint efforts. *In re Marriage of Russell,* 473 N.W.2d 244, 246 (Iowa App.1991). The Iowa courts do not require an equal division or percentage distribution. *Id.* The determining factor is what is fair and equitable in each particular case. *Id.*

Raphael contends the district court should have considered Deborah's degree as an asset. He introduced evidence from Dr. Gary Maydew, a professor of accounting, which

established the present value of Deborah's advanced degree to be $170,000.

Deborah contends the court properly did not consider her degree as an asset, but considered it as it bears on her earning capacity. She discounts Maydew's testimony.

■ In an Iowa dissolution, an advanced degree is not considered an asset. *See In re Marriage of Wagner*, 435 N.W.2d 372, 373 (Iowa App.1988). However, because it has the potential to increase the future earnings of the person receiving the degree, it is a factor to be considered when determining the equitable division of property. *See id.; In re Marriage of Janssen*, 348 N.W.2d 251, 253 (Iowa 1984); *In re Marriage of Horstmann*, 263 N.W.2d 885, 891 (Iowa 1978). Raphael contends these cases are not controlling. We disagree.

■ Raphael also asserts, because Deborah's earning capacity exceeds his, she should not have been awarded a portion of his IRA. The IRA represented pension contributions made while Raphael was employed by Statesman Insurance from 1981 to 1989. All but one year of the employment was during the marriage. Pension benefits are subject to equitable distribution. *In re Marriage of Huffman*, 453 N.W.2d 246, 248 (Iowa App.1990).

Raphael argues Deborah received more than she sought in regard to his personal injury lawsuit. He states Deborah testified she really wanted to pursue her loss of consortium claim herself. Raphael believes the district court ignored Deborah's request and, instead, awarded her a portion of his claim.

In addition, Raphael claims the district court judge unduly injected herself into the proceedings. In the decree, the court states it investigated the matter in order to make a proper disposition of property. At the initial hearing, the court left the record open to allow Raphael to present evidence concerning the personal injury claim. Raphael had not included it on his financial statement but Deborah was aware of the claim and had not sought further discovery. The court considered the information Raphael subsequently filed to be incomplete. The court ordered

the parties to appear, along with Raphael's personal injury attorney, for a hearing on this issue. The evidence was Raphael had been offered $7500 on the claim but his demand was $20,000.

■ When asked at trial if she wanted to pursue a separate cause of action, or if she should be awarded some percentage of Raphael's claim, Deborah testified she wanted a certain percentage of Raphael's claim and did not want to pursue a separate claim. Deborah did not request the decree reserve her consortium claim to her, and the trial court did not do so. At the time a dissolution decree is entered, all rights acquired by marriage are forfeited unless "specifically preserved in the divorce decree." Iowa Code § 598.20 (1975). A loss of consortium claim is a "right acquired by marriage" and it is forfeited unless specifically preserved. *Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 167 (Iowa 1984); *Michael v. Harrison County Rural Elec. Coop*, 292 N.W.2d 417, 420 (Iowa 1980). Language in the decree must specifically preserve the loss of consortium claim. *See Ohlen v. Harriman*, 296 N.W.2d 794, 795–96 (Iowa 1980); *Michael*, 292 N.W.2d at 420; *Bowman v. Bennett*, 250 N.W.2d 47, 50 (Iowa 1977); and *Van Ellen v. Meyer*, 207 N.W.2d 552, 554 (Iowa 1973).

■ The proceeds of a personal injury claim are divided according to the circumstances of each case. *In re Marriage of McNerney*, 417 N.W.2d 205, 206 (Iowa 1987). Settlement proceeds do not automatically belong to either party. *Id.* at 208. Raphael's claim is for injuries he sustained and should be his claim. He sustained a permanent disability. We modify to reserve to Deborah any consortium claim as a result of an auto accident Raphael was in in July 1990, and modify to exclude her recovery of an additional portion of Raphael's claim.

We find it unnecessary to address Raphael's claim the trial court took an advocate's role.

■ We considered property allocation as a whole. The property settlement is equitable.

We award no attorney fees. Court costs are taxed one-half to each party.

**AFFIRMED AS MODIFIED.**