# IN THE COURT OF APPEALS OF IOWA

No. 18-1118
Filed July 24, 2019

**SHERYL SCHWAB,**
    Plaintiff-Appellant,

**vs.**

**JENNIFER ZAHRADNIK,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Lars G. Anderson, Judge.

A claimant appeals the district court rulings dismissing her claims of legal malpractice. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Gregory M. Lederer and Shannon M. Powers of Lederer Weston Craig PLC, Cedar Rapids, for appellee.

Heard by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

Sheryl Schwab appeals the district court's grant of summary judgment in her legal malpractice action against her dissolution attorney, Jennifer Zahradnik. Schwab claims Zahradnik provided negligent legal representation by failing to preserve her rights to her ex-spouse's potential medical-malpractice claim, her right to file a loss-of-consortium claim, and a right to reimbursement for insurance premiums paid during the dissolution. We find Schwab had no right to her ex-spouse's post-dissolution personal-injury settlement. We also find any claims she might have had accrued at the time of the dissolution decree and have expired under the statute of limitations. We affirm the district court's grant of summary judgment in favor of Zahradnik.

## I.    Background Facts & Proceedings

In September 2008, Schwab filed a petition to dissolve her marriage with Dennis Musel. Zahradnik represented Schwab in the proceedings. Prior to completion of the dissolution proceedings, Musel sustained injuries during surgery which led to Musel's partial paralysis. On June 16, 2009, Musel's attorney sent a letter to Zahradnik indicating Musel was contemplating a medical malpractice action and would reimburse Schwab for insurance premiums paid during the dissolution but would not agree to Schwab receiving any of the settlement proceeds.

Schwab and Musel submitted a stipulated dissolution decree, which was approved by the court on July 8, 2009. Schwab knew of Musel's potential medical-malpractice claim at the time the decree was entered, though Musel had told her he was not intending to bring a claim. The dissolution decree did not preserve any

claim Schwab might assert to Musel's potential malpractice action, preserve her own potential loss-of-consortium claim, or preserve a right to reimbursement for the insurance premiums.

Musel filed his medical-malpractice claim in March 2012 and settled in November 2013. Schwab learned of the settlement through an article in the newspaper and then requested her dissolution file from Zahradnik.

On January 5, 2017, Schwab filed a legal malpractice petition against Zahradnik. Schwab made three negligent representation claims against Zahradnik: failure to preserve Schwab's right to make a claim against Musel's medical-malpractice action and failure to preserve a loss-of-consortium claim; failure to preserve Schwab's right to reimbursement of insurance premiums; and failure to inform Schwab of Musel's intent to file a claim and her related rights. Schwab also brought a breach-of-contract claim against Zahradnik, alleging Zahradnik had failed to inform Schwab of Musel's potential medical-malpractice claim and failed to preserve her rights in the dissolution decree. Zahradnik's answer included two affirmative defenses: Schwab's legal-malpractice claim was time-barred by the statute of limitations and Schwab was a proximate cause of her own damages.

In February 2018, Zahradnik filed a motion for summary judgment based on the statute-of-limitations defense; Schwab resisted. The district court denied summary judgment on March 30. On April 20, the court amended its ruling and granted Zahradnik summary judgment as to any allegations concerning loss of consortium, finding Schwab held such rights independent of Musel's medical-malpractice claim and any loss of consortium occurred during Schwab and Musel's

marriage. Because her loss-of-consortium claim accrued during the marriage and was lost with the decree in 2009, it was time barred by the statute of limitations. The remaining negligence and contract claims on Zahradnik's failure to preserve Schwab's right to make a claim against Musel's medical-malpractice recovery and her right to reimbursement of insurance premiums remained set for trial.

On April 23, in a pretrial colloquy, Schwab indicated she was not pursuing the legal malpractice as a breach-of-contract claim.[1] The court revisited the summary judgment motion and granted summary judgment in favor of Zahradnik on the negligence claim. Schwab filed an Iowa Rule of Civil Procedure 1.904(2) motion to reconsider, enlarge, and amend, which the court denied.

Schwab appeals.

## II.    Standard of Review

We review a summary judgment ruling for correction of errors at law. *Huck v. Wyeth, Inc.*, 850 N.W.2d 353, 362 (Iowa 2014). "Summary judgment is appropriate when the moving party demonstrates that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Vossoughi v. Polaschek*, 859 N.W.2d 643, 649 (Iowa 2015). We afford the nonmoving party "every legitimate inference that can be reasonably deduced from the evidence." *Hills Bank & Tr. Co. v. Converse*, 772 N.W.2d 764, 771 (Iowa 2009). If reasonable minds can differ on the inferences drawn from the evidence in a way

---

[1] Schwab had alleged the malpractice in terms of breach of a legal contract of representation and as negligent representation. However, "[l]egal malpractice claims sound in negligence." *Vossoughi v. Polaschek*, 859 N.W.2d 643, 649 (Iowa 2015).

that might affect the outcome of a lawsuit, a genuine issue of material fact exists.

*Banwart v. 50th St. Sports, L.L.C.*, 910 N.W.2d 540, 544–45 (Iowa 2018).

### III. Analysis

A plaintiff alleging legal malpractice must produce substantial evidence of the following elements:

> (1) an attorney-client relationship existed giving rise to a duty; (2) the attorney violated or breached the duty, either by an overt act or a failure to act; (3) the breach of duty proximately caused injury to the client; and (4) the client did sustain an actual injury, loss, or damage.

*Stender v. Blessum*, 897 N.W.2d 491, 502 (Iowa 2017). A claim for legal malpractice must be brought within five years of accrual. *Venard v. Winter*, 524 N.W.2d 163, 165–66 (Iowa 1994) (applying Iowa Code § 614.1(4)).

On appeal, Schwab asserts three claims of legal malpractice against Zahradnik.[2] First, we will address her claim relating to Musel's personal-injury settlement. Next, we will consider her loss-of-consortium claim. Finally, we will address her claim for reimbursement for insurance premiums.

Because the district court determined Schwab's claims were barred by the statute of limitations, the question before us is when did Schwab's legal-malpractice cause of action accrue. Zahradnik suggests the legal-malpractice action is a collateral attack on the dissolution decree itself. Schwab had one year after the dissolution decree to challenge its validity under a claim of fraud by Musel. *See* Iowa Rs. Civ. P. 1.1012–.1013; *see also Simon v. Simon*, No. 15-0814, 2016 WL 1703521, at *1–2 (Iowa Ct. App. Apr. 27, 2016) (finding a fraud petition relating

---

[2] Schwab also asks on appeal that our decision in *In re Marriage of Jervik*, No. 15-0766, 2016 WL 5930425 (Iowa Ct. App. Oct. 12, 2016), be overruled. Our supreme court transferred this appeal to our court, and we decline Schwab's invitation to overrule *Jervik*.

to the value of an asset awarded in the dissolution decree based on pre-dissolution representations to be an untimely and therefore an impermissible collateral attack on the dissolution decree).

"No cause of action accrues until the attorney's act or omission, which constitutes the breach of duty, produces actual injury to the plaintiff's interest." *Skadburg v. Gately*, 911 N.W.2d 786, 792 (Iowa 2018). "[T]he statute of limitations does not begin to run on a legal malpractice claim until . . . . the client sustains an actual, nonspeculative injury and has actual or imputed knowledge of the other elements of the claim." *Vossoughi*, 859 N.W.2d at 652 (footnote omitted). The injury must be an actual loss, not speculative harm. *Id.*; *see also Skadburg*, 911 N.W.2d at 792.

**A.      Interest in Musel's medical-malpractice action.** The critical element here is when Schwab suffered damage, if at all, with respect to Musel's medical-malpractice action. Schwab dates her alleged injury to when she discovered Musel had filed and settled a medical-malpractice action. Zahradnik places the date of injury, if any, at the time of the dissolution decree.

The district court found Musel's 2013 settlement "irrelevant to what Ms. Schwab would have or should have received at the time of the divorce," Schwab's damages were not speculative, and the statute of limitations had passed. In its ruling on the motion for additional findings, the court concluded Schwab did not have a right to Musel's post-dissolution recovery and fixed her damages at the time of divorce, resulting in the claim being barred by the statute of limitations.

In order to determine *when* Schwab's damages occurred, we must determine *how* Schwab was injured. Settlement payments received before

dissolution are marital property. *In re Marriage of Schriner*, 695 N.W.2d 493, 497 (Iowa 2005). "The proceeds of a personal injury claim are divided according to the circumstances of each case." *In re Marriage of Plasencia*, 541 N.W.2d 923, 926 (Iowa Ct. App. 1995) (citing *In re Marriage of McNerney*, 417 N.W.2d 205, 206 (Iowa 1987)). Settlement proceeds do not automatically belong to either party. *McNerney*, 417 N.W.2d at 208. Rights not specifically preserved in the dissolution decree are forfeited. Iowa Code § 598.20 (2009); *see also Plasencia*, 541 N.W.2d at 926. Moreover, benefits and proceeds received after a divorce is final are the separate property of the injured spouse. *In re Marriage of Schmitt*, No. 15-1207, 2016 WL 3556462, at *4 (Iowa Ct. App. June 29, 2016). We have held a spouse does not have "a right to any part of a future recovery made after the dissolution." *In re Marriage of Jervik*, No. 15-0766, 2016 WL 5930425, at *7 (Iowa Ct. App. Oct. 12, 2016).

Even if we found Schwab had a right to a part of Musel's recovery and found Zahradnik violated a duty to Schwab in failing to preserve that right, the statute of limitations would bar Schwab's claim against Zahradnik. The dissolution decree was entered in 2009, more than five years before Schwab commenced this action on January 5, 2017. Therefore Iowa Code section 614.1(4) bars Schwab's action unless a legal doctrine tolls the limitations period. *See Skadburg*, 911 N.W.2d at 793.

Schwab seeks to apply the discovery-rule exception, which tolls the limitations period until the plaintiff has actual or imputed knowledge of all the elements of the action. *See id.* at 794. As the party attempting to avoid the limitations period, Schwab has the burden of demonstrating any exception. *See*

*id.* at 793. When a plaintiff has information alerting "a reasonable person of the need to investigate, the plaintiff 'is on inquiry notice of all facts that would have been disclosed by a reasonably diligent investigation.'" *Id.* at 794 (citation omitted). The plaintiff's cause of action accrues when the plaintiff has imputed knowledge, i.e., knows or should have known sufficient facts to recognize the problem existed. *See id.* at 795.

Schwab asserts there remains a genuine issue of material fact precluding summary judgment on her legal-malpractice claim because Musel informed her he was not going to pursue a medical-malpractice action and she only became aware this was not true when she read of his settlement in 2013. However, it is undisputed Schwab was aware Musel had suffered a personal injury during their marriage. Schwab knew of the possibility of Musel's medical-malpractice action, even if she did not know it would be pursued. Schwab consented to a dissolution of marriage decree that did not preserve any claim with respect to Musel's personal injury. Schwab knew at the time the decree was entered that it did not preserve for her any rights to any future recovery by Musel. While the amount of the potential damages was not discovered until 2013, Schwab was on inquiry notice from the time the decree was filed—any claim accrued at that time.

Schwab had no right to any recovery Musel obtained following the dissolution of their marriage. Iowa Code § 598.20; *see also Jervik*, 2016 WL 5930425, at *7. Because she had no right to Musel's post-dissolution recovery, Schwab was not injured upon discovery of Musel's settlement of his medical-

malpractice claim.[3] The marital property division, including the parties' respective rights and obligations, occurred at the time of dissolution in 2009, and Schwab at that time knew sufficient facts to put her on inquiry notice and have imputed knowledge of her potential claim. Without the parties agreeing otherwise, Schwab was not injured when Musel settled his malpractice claim, and any claim arising from her lack of a right to a portion of his settlement accrued at the time of the dissolution decree.

**B.** **Loss-of-consortium claim.** Schwab also alleges Zahradnik was negligent by failing to preserve a loss-of-consortium claim in the dissolution decree. The district court determined the cause of action relating to Schwab's loss-of-consortium claim accrued in 2009 upon entry of the decree. On appeal, Schwab concedes her claim relating to a loss of consortium is barred under the statute of limitations.

The spouse of an injured person is entitled to seek damages for the loss of "such intangible elements as company, cooperation, affection and aid." *Spaur v. Owens-Corning Fiberglas Corp.*, 510 N.W.2d 854, 869 (Iowa 1994) (citation omitted). The claim is distinct from the injured party's personal-injury claim. *See Fuller v. Buhrow*, 292 N.W.2d 672, 675 (Iowa 1980). "[A] loss of consortium claim is a 'right acquired by marriage' and . . . is forfeited unless specifically preserved"

---

[3] The district court explained that at the time of the dissolution the most Schwab could have claimed was a greater portion of the marital property in anticipation of Musel's recovery potential. Schwab argues on appeal that by doing so, the district court decided a claim she had not pleaded and the court did not rule on her pleaded claim. However, the district court found she had no damages in 2013 because she had no rights to Musel's medical-malpractice settlement. The remainder simply explored what right she may have had at the time of the dissolution decree and noted any action arising out of the dissolution decree is time-barred.

in the dissolution decree. *Beeck v. Aquaslide 'n' Dive Corp.*, 350 N.W.2d 149, 167 (Iowa 1984) (citation omitted)).

Schwab's loss-of-consortium claim, while related to Musel's claims, was separate and held by her alone while they were married. Schwab had the right to bring a loss-of-consortium claim within five years beginning from the time of Musel's injury. Upon entry of the dissolution decree, Schwab's damages for loss of consortium ceased. Schwab knew of Musel's injury and her own efforts to help him prior to the dissolution. No loss-of-consortium claim was preserved in the dissolution decree in 2009. *See Michael v. Harrison Cty. Rural Elec. Coop.*, 292 N.W.2d 417, 420 (Iowa 1980) (holding failure to preserve in the dissolution decree a right to "loss of consortium arising out of personal injury to the other spouse during the marital relationship" results in forfeiture of the right to maintain the action). We find Schwab's legal-malpractice claim relating to her loss-of-consortium claim is time-barred by the statute of limitations.

**C.    Insurance premium reimbursement.** Schwab's final claim is Zahradnik provided negligent representation by failing to preserve her right to seek reimbursement for insurance premiums paid on Musel's behalf during the marriage. The district court made no specific factual findings as to the insurance premiums. The insurance premiums were paid during the marriage, and the money used to pay them was marital property. Schwab knew she had paid the premiums at the time of the dissolution and knew at the time of the decree that she was not receiving reimbursement for those premiums.

We affirm the district court dismissal of Schwab's legal-malpractice claim relating to failure to preserve Schwab's right to a portion of Musel's medical-

malpractice action and dismissal of the failure to preserve Schwab's loss-of-consortium claim as time-barred. We also find there is no genuine issue of material fact as to Musel's offer to reimburse Schwab's insurance premium costs for the same reasons previously stated.

**AFFIRMED.**