# IN THE COURT OF APPEALS OF IOWA

No. 14-0567
Filed December 24, 2014

IN RE THE MARRIAGE OF DENNIS LEE RICHEY
AND PATTI JO RICHEY

Upon the Petition of
**DENNIS LEE RICHEY,**
    Petitioner-Appellant,

**And Concerning**
**PATTI JO RICHEY,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica L.

Ackley, Judge.


A father appeals from the district court's dissolution decree.

**DISSOLUTION AFFIRMED; ALL OTHER PROVISIONS AND ORDERS**

**VACATED AND REMANDED.**


Jennifer A. Clemens-Conlon of Clemens, Walters, Conlon & Meyer, L.L.P.,

Dubuque, for appellant.

Kim C. Roddick of Reynolds & Kenline, L.L.P., Dubuque, for appellee.


Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Dennis Richey appeals from the dissolution decree and all other orders entered by the district court after the judge in question recused herself from the proceedings. Upon our de novo review, we affirm the dissolution, but otherwise vacate all orders following the October 4, 2013 order. We return the parties to the status of the most current temporary order, and we remand.

**I. Background Facts and Proceedings.**

Dennis and Patti Richey were married in 1987 and had three children during their marriage. Dennis filed a petition for dissolution of marriage of September 14, 2012. Only the youngest child, born in September 1997, was still a minor to be considered in the dissolution decree.

On September 3, 2013, the parties appeared for trial as scheduled at 9:30 a.m. At 1:05 p.m., the court went on the record, stating:

> The parties have been with the Court and with their attorneys—well, I should clarify that. We have been ready to go with regard to trial, but the attorneys have been addressing certain issues with the Court in chambers. It is now five after one, so we have conducted some communication and negotiation. That information has been confirmed with counsel, and with their client, as each attorney has come out and represented information, and has argued for a variety of different things for the benefit of their client.
> . . . Based on the information that the Court was provided by counsel of record, I have made some suggestions to the attorneys as to what I would render in terms of disposition on those matters. We have now, I believe, reached full agreement with regard to the entry of a Judgment and Decree of Dissolution of Marriage . . .

The court then proceeded to put the agreement on the record. At the conclusion, both parties agreed the court would issue a written judgment and decree of

dissolution of marriage based on the terms and conditions the parties had agreed upon.

On October 4, 2013, the district court filed an order, stating:

This matter was scheduled for trial pursuant to a Petition for Dissolution filed herein. The parties and counsel met with the undersigned and reached an agreement, which was placed on the record. The undersigned prepared a Judgment and Decree for Dissolution of Marriage consistent with the parties' agreement. The documentation was forwarded to counsel for review. Counsel provided the Court with typographical error change suggestions as well as suggestions for more clear language on certain issues. Once the amended documentation was forwarded to both attorneys, it became clear that the parties were not willing to allow the Court to enter the decree.

IT IS THEREFORE ORDERED that the parties shall appear before the Court on November 6, 2013, at 11:00 a.m. with a copy of the trial transcript and a copy of the proposed Decree of Dissolution of Marriage prepared by the undersigned for purposes of having another judge determine whether or not the proposed Decree of Dissolution of Marriage is consistent with the parties' agreement. The undersigned is hereby recused for any further proceedings concerning this matter due to the involvement in the settlement.

On October 22, 2013, Patti filed a motion to enforce the settlement agreement. The same judge who was present for the settlement agreement and who filed the October 4 order recusing herself ruled on and granted Patti's motion to enforce the settlement. At the same time, the judge entered the decree of dissolution of marriage. It had not been reviewed by another judge.

On January 3, 2014, Dennis filed a motion for reconsideration. The same judge denied Dennis' motion for reconsideration.

On February 4, 2014, Patti filed an application for nunc pro tunc. In it, she sought to amend certain provisions of the decree related to personal property items. The same judge granted the application.

Dennis appeals.

## II. Standard of Review.

We review dissolution of marriage cases do novo. *In re Marriage of Olson*, 705 N.W.2d 312, 313 (Iowa 2005). We give weight to the district court's findings, especially regarding the credibility of witnesses, but are not bound by them. Iowa R. App. P. 6.904(3)(g). "Precedent is of little value as our determination must depend on the facts of the particular case." *In re Marriage of White*, 537 N.W.2d 744, 746 (Iowa 1995).

## III. Discussion.

### A. Recusal.

Although Dennis raises several claims on appeal, we elect to address the claim concerning recusal first because we find it dispositive.

Here, the district court judge recused herself from the proceedings and ordered the parties to appear before a different judge to determine whether the proposed decree was consistent with the parties' agreement on the record. Without further explanation, and without the aid of another judge's review, the same judge then granted Patti's motion to enforce and entered the objected to dissolution decree. We would cite the language regarding when a judge is required to recuse himself or herself, but in this instance the judge in question did so. What is unclear is why the judge then continued to participate in the proceedings.

All proceedings and orders after the judge's October 4, 2013 order are affected by the judge's prior recusal. Since Dennis has not sought relief in the form of reinstating the marriage, we affirm the dissolution. We vacate all other provisions of the dissolution decree and orders issued after the October 4, 2013

order. In doing so, we remand for further proceedings and return the parties to the status of the most current temporary order.

**B. Attorney Fees.**

Dennis asks this court to award him appellate attorney fees. Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. *In re Marriage of Oakland*, 699 N.W.2d 260, 270 (Iowa 2005). Factors to be considered in determining whether to award attorney fees include: "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *In re Marriage of Geil*, 509 N.W.2d 738, 743 (Iowa 1993). Although Dennis is successful on appeal, he earns substantially more income than Patti. We also consider his active participation in some of the events giving rise to the issues on appeal, and decline to award Dennis appellate attorney fees.

Costs of this appeal are assessed to Patti.

**DISSOLUTION AFFIRMED; ALL OTHER PROVISIONS AND ORDERS VACATED AND REMANDED.**